### Robert H. Cook v. George T. Baker.

#### Gen. No. 13,441.

SET-OFF—*when need not be exhibited before introduction of evidence.* In the absence of a request or rule requiring him so to do, a defendant is not bound to exhibit a claim of set-off prior to the time of the introduction of evidence thereon, the case being one arising before a justice and the question being raised upon the trial of the appeal in the Circuit Court.

Action commenced before justice of the peace. Appeal from the

*Circuit Court of Cook county; the Hon.* RICHARD S. TUTHILL, *Judge,*
*presiding.* Heard in the Branch Appellate Court at the March
term, 1907. Reversed and remanded. Opinion filed December 6, 1907.

P. R. BOYLAN, for appellant.

STEEN & WEBBER, for appellee.

MR. JUSTICE SMITH delivered the opinion of the
court. ·

This action was brought by appellee against appellant before a justice of the peace to recover damages claimed for improperly performing work in constructing an area wall, and in laying a sidewalk. On appeal to the Circuit Court, the cause came on for trial before the court, a jury having been waived, and at the close of the plaintiff's—appellee's—evidence, appellant's attorney stated to the court that he had a set-off amounting to $196 and offered to introduce evidence thereof. Thereupon the attorney for appellee objected to the set-off and stated the ground of his objection to be: "The proper time to have filed one, if they have any set-off, was before the trial commenced. This is the first instant at which we have had any notice of any claim of set-off."

The court sustained the objection and made its finding on the evidence offered by appellee. This ruling is assigned for error.

A motion is made by appellee in this court to strike the abstracts and briefs filed by appellant from the files, upon the ground that appellant has incorporated in them matter which is not a part of the record. The matter referred to appears to have been stricken out of the original bill of exceptions. The motion is denied.

The only question presented on this appeal is, did the court err in refusing to allow appellant to offer evidence of a set-off to appellee's claim.

In Minard v. Lawler, 26 Ill. 302, the Supreme Court had before it the precise question here presented.

Cook v. Baker.

The court at page 304 of the opinion states the question before it and its ruling thereon thus: "We understand these proceedings were ruled out, for the reason that no notice was given the defendant (plaintiff) that such a defense would be made. What are we to understand by this? Are we to understand that the appellant, on taking an appeal, must give the appellee a formal written or verbal notice, that he will make a certain defense, and set up this, that or the other claim against him? This is not the practice and should not be. But little formality is observed in proceedings of this nature; one great object of the law being to relieve them therefrom. We have no statute requiring parties, in such cases, to file even a written account. It was designed that parties might manage their own cases, both before the justice and in the Circut Court, and nothing can be found in the law to prohibit a party, who cannot write and keep accounts, from presenting his claim on a tally-stick.   *   *   * Reasonable terms, to avoid surprise to the opposite party, will of course be prescribed by the Circuit Court, but it cannot deprive the party of his defense."

Under a statute substantially the same as our statute the Supreme Court of Nebraska held in Clarine v. Nelson, 15 Neb. 440, that "It is only in cases where the defendant is required by the plaintiff, his agent or attorney, to file a bill of particulars of his set-off that it is necessary for him to do so. If not required to file a bill of particulars he may prove his set-off without pleading it." See also Vol. 19, Ency. Plead. & Prac., p. 769.

Section 54 of chapter 79, Hurd's Revised Statutes, 1905, page 1279, provides: "The justice shall, at the request of either party, made before the trial shall have been entered upon, require the other to exhibit his account or state the nature of his demand or set-off in writing, and upon the trial may preclude the party failing to do so from giving evidence of the same or such part thereof as shall not have been ex-

hibited or stated.'' This is the authority and the only authority for requiring either party to state or exhibit in advance his demand or defense before the introduction of the evidence. This statute applies to the trial on appeal in the Circuit Court. The record shows no motion or request of the appellee made before the trial was entered upon to require appellant to exhibit his set-off, and no such order was made. Appellant was under no obligation, in the absence of such motion and rule, to state in advance of the trial his set-off or defense, and he had a right to present his evidence, under the statute, without exhibiting his account or stating the nature of his demand. It was error to refuse him the right to introduce any competent evidence of his set-off.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*