## H. H. Hilton, Appellee, v. Lawrence L. Iseman, Appellant.

### Gen. No. 24,217.

1. Roads and bridges, § 231*—*what are rights and duties of drivers of vehicles at street intersections.* The rights of vehicles at street intersections are correlative, none having the right of way to the exclusion of others, and all being required to use due circumspection to avoid collision with other vehicles.

2. Automobiles and garages, § 6*—*when no recovery may be had for damage caused by collision between automobiles.* Where a collision of automobiles at a street intersection is due to the negligence of both drivers in failing to keep their cars under proper control, neither can recover for damage caused by the collision.

Appeal from the Municipal Court of Chicago; the Hon. Hosea W. Wells, Judge, presiding. Heard in this court at the March term, 1918. Reversed with judgment of *nil capiat* and for costs in this court. Opinion filed October 1, 1918.

Vernon W. Foster, for appellant.

No appearance for appellee.

Mr. Justice Holdom delivered the opinion of the court.

The parties to this suit collided, with their respective vehicles, at the intersection of Dorchester avenue and Fifty-Third street, Chicago. Dorchester avenue runs north and south and Fifty-Third street runs east and west. At the time of the accident the electric car of plaintiff was operated by his wife, and a car the motive power of which was gasoline was driven by defendant. The collision occurred in the dusk of the evening; both cars were burning the customary lights. The suit was for damages to plaintiff's car and the trial was by the court; the finding and judgment were

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for plaintiff in the sum of $223.05, and defendant appeals, but plaintiff does not appear in this court to maintain his judgment.

It is axiomatic that the rights of vehicles at street intersections are correlative. In other words, none has the right of way to the exclusion of others; all must proceed with due circumspection so as not to come into collision with other vehicles. *Rupp v. Keebler*, 175 Ill. App. 619.

At the time of the collision plaintiff's vehicle was being driven north on Dorchester avenue and defendant's west on Fifty-Third street. There were no obstructions in the path of either to prevent each from clearly seeing the other. Both parties seem to have managed their respective cars upon the theory that each had the right of way over the other. The colliding of the cars was due to negligent management and control by both the drivers. The plaintiff's wife did not exercise due care in the situation which confronted her, and the defendant was guilty of negligently manipulating his car at the time. The evidence develops that the accident could have been readily avoided by the exercise of due care on the part of either of the drivers. Each proceeded in reckless disregard of the duty which each owed the other.

In these circumstances the law will withhold relief from both parties. The damage suffered by both cars was due to the negligent conduct of each of the drivers. Each should have kept their respective cars under proper control. This neither did. Under the testimony in the record the finding of the court should have been for the defendant.

The judgment of the Municipal Court is therefore reversed with a judgment of *nil capiat* and for costs in this court.

*Judgment reversed with judgment of nil capiat and for costs in this court.*