Benjamin  S.  Partridge,  Appellant,  v.  John  G.
Eberstein, Appellee.

Gen. No. 27,176.

1. NEGLIGENCE—*violation of statute as negligence per se.* As a
general rule, the violation of a statute is negligence *per se*, and if
that negligence contributes to or causes injury, it is actionable as
a matter of law.

2. AUTOMOBILES AND GARAGES—*right of driver to assume compli-
ance with law by others.* While a driver of an automobile which
has the right of way is not relieved from the duty of exercising
due care, such driver is entitled to assume that the driver of an-
other automobile, approaching on the left, will observe the law
and give the right of way to the automobile on the right.

3. AUTOMOBILES AND GARAGES—*right of way at highway inter-
section.* Under the Motor Vehicle Law of January 1, 1920, sec. 33
(Cahill's Ill. St. ch. 95a, ¶ 34), vehicles on public highways shall
give the right of way to other vehicles approaching along inter-
secting highways from the right, and shall have the right of way
over those approaching from the left, and a violation of such stat-
ute resulting in injury is actionable as a matter of law.

4. AUTOMOBILES AND GARAGES—*ascertainment of right of way at
highway intersection.* A vehicle is approaching an intersection
from the right, within the meaning of the Motor Vehicle Law
sec. 33 (Cahill's Ill. St. ch. 95a, ¶ 34), and is entitled to the right
of way when, on its left, on an intersecting street, another vehicle
is approaching whose driver, in the exercise of due care, would
or should see that unless he yields the right of way the vehicles
may or will collide.

Appeal from the Municipal Court of Chicago; the Hon. ASA G.
ADAMS, Judge, presiding. Heard in this court at the October term,
1921. Reversed and remanded. Opinion filed May 1, 1922.

LIGHTFOOT & BRAUN, for appellant; STUART B.
KROHN and HARRY L. BRODSKY, of counsel.

No appearance for appellee.

MR. JUSTICE McSURELY delivered the opinion of the
court.

This suit concerns claims for damages to automobiles belonging to plaintiff and defendant, respectively, because of a collision between them occurring at the intersection of East 76th street and Luella avenue, in Chicago, on October 12, 1920.

Plaintiff, Partridge, brought suit against defendant, Eberstein, and in turn Eberstein brought suit against Partridge, each claiming that the collision was caused by the negligent operation of the other's automobile. The cases were heard at the same time by the trial court and each of the contendents presented his evidence as to the accident. Thereupon the court, apparently being of the opinion that there was negligence on both sides, entered a finding in each case that plaintiff could not recover. The plaintiff in *Partridge v. Eberstein* appealed from the judgment in that case; the other party does not appear here.

Apparently the trial court was influenced by what has been said by this court in passing upon similar accidents occurring prior to the present Motor Vehicle Statute. *Rupp v. Keebler,* 175 Ill. App. 619; *Hilton v. Iseman,* 212 Ill. App. 255.

The instant accident was in October, 1920, when the Motor Vehicle Law of January 1, 1920, was in force. Section 33 of this Act is as follows:

"All vehicles traveling upon public highways shall give the right of way to other vehicles approaching along intersecting highways from the right, and shall have the right of way over those approaching from the left: *Provided,* however, that police vehicles, fire departments, vehicles transporting United States mail, and ambulances shall have the right of way over other vehicles: *And, provided,* also, that incorporated cities, having a population of more than 10,000 inhabitants, may designate certain streets or boulevards as preferential traffic streets, and prescribe rules regulating traffic upon, crossing over, or turning into such streets or boulevards: *And, provided, further,* that like specifications regulating traffic may

be enforced at points where traffic officers are stationed. No driver of a vehicle shall suddenly stop, slow down or attempt to turn around without first signalling his intentions with oustretched arm or otherwise to those following closely in the rear." Cahill's Ill. St. 1921, ch. 95a, ¶ 34, p. 2364.

Plaintiff contends that this is a case for the application of this statute, under which it was the duty of defendant, Eberstein, to yield the right of way to Partridge, hence the finding of the trial court was contrary to law.

Luella avenue runs north and south and 76th street intersecting it runs east and west. The evidence tends to show that at the time in question Florence Partridge, the wife of plaintiff, was driving her husband's car west on 76th street, on the north side of the street. She says she was going at a speed of from 15 to 20 miles an hour. At the same time the car of defendant was approaching 76th street from the south on Luella avenue going about 12 or 15 miles an hour. One witness said that both cars were going about 30 to 35 miles an hour. Defendant testifies that he first saw plaintiff's car when it was approaching from the right about 75 feet from Luella avenue and his car was 25 feet south of the 76th street intersection.

Whatever the exact distance may have been, it is apparent that plaintiff's automobile was approaching the intersection of the highways from the right and that under the statute it was the duty of defendant to give the right of way to plaintiff's automobile. The evidence, however, tends to show that each automobile proceeded on its way until the collision occurred.

This court has recently had occasion to apply this rule of the right of way. In *Lenartz v. Funk*, 224 Ill. App. 180, opinion by Mr. Presiding Justice Gridley, it was held that as plaintiff's car was approaching from the right, under the statute it had the right of way, and that it was the duty of the driver of the other

car approaching the intersection "to then stop it, or sufficiently check its speed, so as to allow plaintiff's car to pass in front of it."

Similar enactments in other states have been approved as tending to remove the uncertainty as to which vehicles should give way or stop at crossings. *Brillinger v. Ozias,* 186 N. Y. App. Div. 221, where the court said:

"The words 'grant the right of way' mean that at such a crossing the driver of one vehicle has an affirmative duty to keep out of the other's way. This requires him to slow, to stop, and, if need be, to reverse, if otherwise the crossing vehicles are likely to come into contact. Such a rule cannot be set aside by a jury where these two elements appear—full view of the vehicle approaching from the right, and entire failure to take any steps to keep out of its path."

A like statutory regulation was enforced in *Mathes v. Aggeler & Musser Seed Co.,* 179 Cal. 697.

As a general rule the violation of a statute is negligence *per se,* and if that negligence contributes to or causes injury it is actionable as a matter of law. *Luken v. Lake Shore & M. S. Ry. Co.,* 248 Ill. 377.

There is nothing in the present record to show that the driver of plaintiff's automobile was guilty of contributory negligence. It had the right of way, and while this did not relieve the driver of duty to exercise due care, she was entitled to assume that the driver of defendant's automobile, approaching the intersection on plaintiff's left, would observe the law.

After hearing the evidence as to the occurrence the trial court, being of the opinion that neither party was entitled to recover, refused to hear evidence as to damages. We hold that the judgment in *Partridge v. Eberstein* was entered upon an erroneous view of the law; it will therefore be reversed and the cause remanded.

We are earnestly urged by counsel for plaintiff to fix definitely the distance of an automobile from a

street intersection when it can be said to be within the statutory description of a vehicle "approaching along intersecting highways from the right." While we hold that plaintiff's automobile, according to the evidence before us, came within this description, it would be very difficult, if not impossible, to lay down a rule in precise terms of measurement applicable to all cases. However, we suggest this: That a vehicle is approaching an intersection from the right, within the meaning of the statute, and entitled to the right of way. when, on its left, on an intersecting street, another vehicle is approaching whose driver, in the exercise of due care, would or should see that unless he yielded the right of way the vehicles might or would collide.

*Reversed and remanded.*

DEVER, P. J., and MATCHETT, J., concur.