## John E. Zapf, Appellee, v. J. P. Kutten, Appellant.

### Gen. No. 27,926.

HIGHWAYS AND STREETS—*failure to yield right of way at street intersection as proximate cause of collision.* An automobile driver whose car was damaged in a collision with another automobile at a city street intersection is barred from recovering for the damages under Motor Vehicle Act, Cahill's Ill. St. ch. 95a, ¶ 34, providing that vehicles approaching street intersections from the right shall have the right of way, where the evidence shows that both cars were approaching the intersection at such distances therefrom on the respective intersecting streets and at such rate of speed as to make a collision inevitable unless the car on the left yielded the right of way, that plaintiff was approaching from the left of defendant and that the view of the intersection was unobstructed for both drivers.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOSEPH W. SCHULMAN, Judge, presiding. Heard in this court at the October term, 1922. Reversed and judgment of *nil capiat.* Opinion filed May 28, 1923.

WOLF & LOVE, for appellant.

WILLIAM G. WOOD, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff and defendant, while driving their respective automobiles, collided at a right-angle intersection of streets. Plaintiff brought suit against defendant to recover for damages to his automobile and upon trial by the court had judgment for $148.50, from which defendant appeals.

Decision of the case turns upon the evidence and the application of section 33 of the Motor Vehicle Law of January 1, 1920 [Cahill's Ill. St. ch. 95a, ¶ 34], touching the right of way at intersecting highways.

The accident occurred about eleven o'clock p. m. in September, 1921, in Chicago. Plaintiff was going

eastward on Addison street, which runs easterly and westerly, and defendant was driving north on Halsted street, which runs north and south. The accident happened at the intersection of these streets. There were no other vehicles which interfered with the view of either party as they approached the intersection. There is some slight variation in the testimony of the witnesses caused perhaps by their interest in the litigation. The most believable and clearest account of the accident was given by Morris Roddy, a newspaper reporter, entirely disinterested, who was walking south on Halsted street towards Addison, with another reporter, and was about twelve feet from the point of the collision when it occurred. He says he could see on Addison a distance about seventy feet west of the Halsted street curb line, and that he saw plaintiff's car approaching when it was this distance from Halsted; that he first saw defendant's car when it was about fifty feet south of the Addison street curb line. Both cars proceeded at about twenty miles an hour and collided near the northeast corner of the intersection. Allowing for uncertainty as to the respective distance each automobile was from the intersection, it is evident they were so nearly alike in this respect that, if both proceeded in a straight line at the same rate of speed, they would collide.

Section 33 of the Motor Vehicle Law above referred to provides that:

"All vehicles traveling upon public highways shall give the right of way to other vehicles approaching along intersecting highways from the right, and shall have the right of way over those approaching from the left."

In *Partridge v. Eberstein*, 225 Ill. App. 209, we attempted a statement as to when a vehicle was "approaching along intersecting highways from the right." We there said:

"A vehicle is approaching an intersection from the right, within the meaning of the statute, and entitled

to the right of way when, on its left, on an intersecting street, another vehicle is approaching whose driver, in the exercise of due care, would or should see that unless he yielded the right of way the vehicles might or would collide.''

Applying this and also what was held in that case and in the cited cases in that opinion, both plaintiff and defendant in the instant case were approaching the intersection in question at such a rate of speed and at such respective distances from the intersection as to come under the operation of the statute, and plaintiff should have given the right of way to defendant's automobile, which was approaching along the intersecting highway from plaintiff's right.

The object of the statute is to prevent the collision of vehicles on the highways and drivers using the highways must be held to a strict observance of the statute. Plaintiff's disregard of this rule of the road contributed to the accident and hence he is barred from recovering damages in this action.

The judgment is reversed and judgment of *nil capiat* entered in this court.

*Reversed and judgment of nil capiat.*

MATCHETT, J., concurs.