Maud Kirchoff et al., Appellees, v. Rose Van Scoy, Appellant.

Gen. No. 9,371.

Opinion filed October 11, 1939.

ADSIT, THOMPSON & HERR, of Pontiac, for appellant.

BAKER, NIVEN & CRABTREE, of Pontiac, for appellees; STEVENS R. BAKER, of counsel.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

About 8:30 o'clock on the morning of September 8, 1937 the plaintiff, Maud Kirchoff was riding in her Plymouth sedan which was being driven by her son Duane, then 19 years of age, the other plaintiff herein. They were proceeding west on brick-paved Madison street toward the business section of Pontiac. The pavement was dry and the day was clear and the sun was shining. Walnut street is a gravel street and runs north and south and intersects Madison street and the intersection is in the residential district of the city. As the plaintiffs approached, entered and traversed this intersection, they were going about 15 or 20 miles an hour, and Mrs. Kirchoff's attention was directed toward a house at the northeast corner of the intersection that was being painted and she did not look to see whether there was any car approaching the intersection on Walnut street. Duane testified that as he approached the intersection he was driving at the rate of about 17 miles per hour, that he looked north and no car was approaching the intersection on Walnut street from the north, that there was a car, however, coming toward him west of the intersection on Madison street, that he did not look toward the south until he was going across the intersection and when he was in the center of the intersection he saw a car driven by Rose Van Scoy just as the front of the Van Scoy car hit the left-rear wheel and fender of the car he was driving. On November 23, 1937 this suit was instituted by Maud Kirchoff and Duane Kirchoff against Rose Van Scoy to recover for personal injuries and property damage sustained by them as a result of this collision. The trial resulted in a verdict in favor of the plaintiff Maud Kirchoff for $190.22 and for the plaintiff Duane Kirchoff for $5.10. After overruling defendant's motions for judgment *non obstante veredicto* and for a new trial, judgment was rendered for the plaintiffs in accordance with the verdict and the defendant appeals.

Counsel for the respective parties agree that there is only one question presented to this court for determination by this appeal and that question is whether appellees were in the exercise of ordinary care for their own safety at and before the time of the collision? It is conceded by counsel for appellees that the evidence is that neither appellee looked toward their left as they approached, entered and proceeded across the Madison-Walnut street intersection and neither of them were aware of the presence of appellant's car until the instant it came in contact with the car in which appellees were riding about the center of the intersection. Counsel for appellant insist that in this state of the record, appellees were guilty, as a matter of law, of contributory negligence which precludes them from recovering and that therefore the trial court erred in not directing a verdict for appellant at the close of plaintiffs' case. Counsel for appellees insist that the evidence discloses that the collision would have occurred just as it did occur even though appellees had looked to the left and had observed appellant's car during the few seconds immediately preceding the collision.

Appellant testified that she was driving north on Walnut street, intending to cross the Madison street intersection and proceed north to Howard street; that she was proceeding between 10 and 15 miles per hour and looked to her right and left as she approached the intersection and before she entered the intersection she observed that appellees' car was at least a half of a block east on Madison street and she thought she had plenty of time to pass through the intersection and entered the intersection and had traversed about one-half the way across, going straight ahead and looking straight ahead, and then observed appellees' car in front of her car about the middle of the intersection and she became panic-stricken, lost control of

her car and the front fender of her car struck the left-front fender of appellees' car.

From this evidence counsel for appellees argue that had appellees looked they would have seen appellant's car approaching at a speed of 10 or 15 miles per hour, that appellant apparently had her car under perfect control and there was nothing to indicate that its driver intended to proceed through the intersection in disregard of appellees' right of way. The trouble with this argument is that it omits the fact that appellant's car had arrived at the intersection first and when it entered the intersection appellees' car was some distance away. Appellant's car was proceeding at a slower rate of speed than appellees.' Had appellees looked a few moments before they entered the intersection, they would have seen the intersection occupied by appellant's car and certainly they can not now be heard to say that if they had looked and had seen appellant's car, they would have observed that it was going slower than they were traveling and from those facts they would have been justified in concluding that appellant's car would stop and yield the right of way to them.

Section 68 of the Uniform Act Regulating Traffic on Highways, ¶ 165, ch. 95½, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 85.197] provides: ''Except as hereinafter provided motor vehicles traveling upon public highways shall give the right-of-way to vehicles approaching along intersecting highways from the right and shall have the right-of-way over those approaching from the left.'' Section 691 of 42 Corpus Juris, p. 962 says: ''It is the duty of the operator of a motor vehicle approaching a crossing or intersection to keep a lookout ahead of him and also to look for approaching vehicles on the intersecting street or highway; and although the latter duty is particularly imperative with respect to the direction from which vehicles having the right of way over him would ap-

proach, full performance of the driver's duty requires that he look in both directions. Where the view of the driver along intersecting streets is in any way obstructed, he must be especially vigilant with respect to a lookout on such streets, and the duty of special vigilance also applies with respect to observation of the crossing itself where the driver's view is obstructed by other vehicles.'' In *Crowe Name Plate & Manufacturing Co. v. Dammerich,* 279 Ill. App. 103, the court after citing this statement from Corpus Juris and cases sustaining the text with approval said:

''Aside from the legal force of the rule as stated in the foregoing authorities, the dictates of common prudence require that a motor vehicle driver, approaching a street intersection, shall be observant to determine the presence of other vehicles at or near to the intersection. All reasonable minds will agree that a driver thus approaching such an intersection, especially where it is known to him to be a busy corner, who fails to look as he approaches to ascertain whether there are other cars in proximity, is guilty of a want of ordinary care.''

In *Wodecki* v. *Harold M. Pitman Co.,* 286 Ill. App. 610 (Abst.), it appeared that the plaintiff was driving his Plymouth automobile east in West 29th place and was struck by a car belonging to the defendant company and being driven by Adolph Mlyniec south in 51st avenue. The cars collided in the southeast part of the intersection of these streets; the plaintiff's car being struck on its north side by the defendant's car. The evidence disclosed that the accident occurred in June, 1934 and that the day was bright and clear and the pavement dry. The plaintiff testified that he was familiar with the neighborhood, having passed the street intersection for 15 years, that on the late afternoon of the day of the accident, he was driving east on the south or right-hand side of 29th place at about 25 miles per hour and as he approached the 51st ave-

nue intersection he didn't see the defendant's car and never looked to the north or his left until he entered the intersection and just as he did look to the north, defendant's car crashed into him. In its opinion the court stated that the statute hereinbefore cited is applicable only to automobiles approaching the intersection at about the same time, that the law is that the plaintiff could not recover unless he is in the exercise of due care for his own safety, that it was the duty of both drivers to proceed with due circumspection so as not to come into collision with other vehicles and that where both drivers fail in this respect and there is a collision resulting in damage, neither can recover, citing *Heidler Hardwood Lumber Co. v. Wilson & Bennett Mfg. Co.,* 243 Ill. App. 89; *Hilton v. Iseman,* 212 Ill. App. 255 and *Rupp v. Keebler,* 175 Ill. 619. The court reversed the judgment for the plaintiff, holding that the evidence disclosed he was guilty of contributory negligence and in the course of its opinion said: "In the instant case, plaintiff's testimony (and there is none to the contrary) is that upon entering the intersection he looked to his right or to the south, but did not look toward the north until he was near the middle of the intersection, when defendant's automobile was just colliding with plaintiff's car. He testified, 'I say I did not see him until I got struck.' We think this shows that plaintiff was not in the exercise of due care for his own safety, but on the contrary affirmatively shows that he was guilty of negligence which contributed to the injury. The Court should have found in favor of the defendant."

So in this case appellee, Maud Kirchoff, testified she did not see appellant's car until after the collision and appellee, Duane Kirchoff, testified that he had not looked to the left until just as appellant's car struck him, and at that time appellees' car was in the center of the intersection. The question who, under our statute, is entitled to the right of way always involves a

determination as to the relative speeds and distances from the intersection and the law is that a driver approaching an intersection from the left of a car approaching the same intersection must decide, as a reasonably prudent person, whether these relative distances and speeds are such that he may safely cross, or whether they are such that it is his duty to yield the right of way. The law is further that no reasonably prudent person, approaching an intersection from the right, proceeds upon the conclusive presumption that the driver approaching from the left will make no error in weighing the relative distances and speeds but such a person must keep a lookout for traffic approaching from the direction over which he has the right of way and if he fails to do so, he is not as a matter of law in the exercise of reasonable care for his own safety.

Since all the evidence discloses that appellees were not in the exercise of reasonable care as the law required, the trial court erred in refusing to sustain appellant's motion for judgment *non obstante veredicto* and the judgment will therefore be reversed.

*Judgment reversed.*