Louise Wallace, Administratrix of Estate of Frank W. Wallace, Deceased, Appellee, v. Earl Parnell, Appellant.

Gen. No. 9,220.

Opinion filed July 15, 1940.

OLIVER D. MANN, of Danville, C. F. DYER, of Hoopeston, and CHAS. F. SHORT, JR., of Bloomington, for appellant; ARTHUR H. SHAY, of Streator, of counsel.

STEELY, STEELY, GRAHAM & DYSERT, of Danville, for appellee; WALTER V. DYSERT and H. M. STEELY, JR., of counsel.

MR. JUSTICE FULTON delivered the opinion of the court.

The defendant appellant, Earl Parnell, on July 13, 1939, at about the hour of 1:15 P.M. while driving an

automobile over and along State Route No. 9, struck a car driven by one Frank Wallace, and as a result of such collision, Wallace was instantly killed. This action was brought by the plaintiff appellee, Louise Wallace, as administratrix, to recover damages for her husband's death. A trial in the circuit court of Vermilion county resulted in a verdict by a jury in the amount of $6,500, in favor of the appellee. After motions for judgment notwithstanding the verdict and for a new trial had been overruled, the court entered judgment upon the verdict. This appeal seeks to reverse that judgment.

The complaint consisted of six counts charging the appellant with general negligence in the operation of his car; excessive speed; failure to have his automobile under control; failure to keep a proper lookout and violation of a speed limit of 35 miles per hour established by a highway sign in the vicinity of the scene of the accident.

Appellant filed an answer denying all of the charges of negligence contained in the complaint. The appellant also filed a counterclaim which was answered by appellee but no attention appears to have been paid to the same on the trial or on this appeal.

State Route No. 9, is a through two-lane highway running east and west along the south corporation line of the city of Hoopeston. Euclid avenue is a graveled street running north and south along the east corporate limits of the said city intersecting State Route No. 9, at its south end. Euclid avenue runs into State Route No. 9, but does not extend through to the south; there was a stop sign on Euclid avenue about 20 feet back from the intersection.

The appellant, Parnell, was driving west on State Route No. 9, and Wallace was driving south on Euclid avenue. As Wallace drove into and upon the paved highway his car, a Model T Ford, was struck by the appellant's automobile. The appellee's witnesses con-

sisting of the appellee, her son Bobby Wallace, age 12, and daughter Geraldine Wallace, age 9, testified that the decedent was driving with his daughter riding in the middle and his wife on the right-hand side of the front seat; that Bobby Wallace and a friend, Billy Decker, were riding in the back seat; that as they approached State Route No. 9, the father looked to the east and stopped his car before proceeding onto the pavement; that they were planning to turn east on the highway in order to reach a farm owned by Wallace southeast of Hoopeston; that after making the stop Wallace drove the car in first gear onto the highway and Mrs. Wallace stated that just after they had crossed the black line dividing the two lanes of the paved highway they were struck by appellant's car. She was corroborated by the testimony of her son Bobby. He further testified that the appellant's automobile was travelling down the highway from the east at a rate of 60 to 65 miles per hour.

The appellant, Parnell, was accompanied by his wife and testified that as he approached the intersection he slowed down to 30 to 35 miles per hour and that Wallace drove his Ford car right out on the highway in front of him; that he blew his horn, applied his brakes and turned to the right but could not avoid the accident. Both Parnell and his wife say that they saw Wallace approaching and that he did not stop before pulling onto the highway.

It will be seen from this brief digest of the testimony that there was a direct conflict in the testimony as to how the accident occurred.

The appellant insists that the appellee has not shown that her intestate was in the exercise of due care as he approached and entered upon State Route No. 9, and was therefore guilty of such contributory negligence as would bar recovery. It is a matter of common knowledge and practice that persons approaching a paved highway from a side street have a right to enter upon

and use the highway as well as one travelling the pavement from a distance, and each party owes to the other the duty and obligation of exercising due care in his use of the said highway. While it is clear that no person can properly drive his car on the through route directly in the path of and in front of another car, in this case the jury had a right to take into consideration the fact, if it was a fact, that Wallace may have observed the coming automobile and believed that if it observed the speed law, he would have ample opportunity, with safety, to drive into the highway for the purpose of turning on the eastbound traffic lane before the other car arrived at the intersection.

The question of contributory negligence is one which is pre-eminently a fact for the consideration of the jury. In *Thomas v. Buchanan*, 357 Ill. 270, the court said,

"The question of due care on the part of the Plaintiff's intestate is always a question of fact to be submitted to a jury whenever there is any evidence in the record which, with any legitimate inference that may reasonably and legally be drawn therefrom, tends to show the exercise of due care on the part of the deceased." We do not feel that the record in this case would warrant a Court in concluding that the decedent was guilty of contributory negligence as a matter of law. The question of who is entitled to right of way always involves determination as to relative speeds and distances of automobiles from the intersection. *Kirchoff et al. v. Van Scoy*, 301 Ill. App. 366. Unless the action of a person is clearly and palpably negligent, it is not within the province of the court to substitute its judgment for that of the jury. *Blumb v. Getz*, 366 Ill. 273.

It is further contended by appellant that error was committed in submitting to the jury the following instruction on the part of appellee:

"The court instructs the jury that even though the defendant was driving his car west on a durable hard

surfaced State Road known as Route No. 9, which runs along the south side of the City of Hoopeston, and which intersects with Euclid avenue, a north and south street or highway which enters Route No. 9 from the north along the east side of the City of Hoopeston, and on the west side of which Euclid avenue and at the north right-of-way line of State Route No. 9 there was a stop sign erected and maintained by the Department of Highways requiring in such case, that vehicles entering upon or crossing said State Highway Route No. 9, to come to a full stop at or near the north right-of-way line of said State Highway as possible and regardless of direction, to give the right-of-way to vehicles on said State highway. Nevertheless, the State statute does not authorize such a driver of an automobile on the State Highway to take the right-of-way over an automobile approaching this intersection from the right on Euclid avenue with due care, who has first come to a full stop at said stop sign, and then with due care has actually entered said intersection and was first upon the State Highway in question.

"So in this case, if such is the state of proof in this case the defendant did not have the right-of-way, and it was the duty of the defendant to approach and operate his automobile at such speed, and have it under such control, that it could be stopped or turned safely to the right or left, and thereby avoid a collision with said car first so having entered and actually upon said intersection, as soon as he saw it there, or, by the exercise of reasonable care, should have seen that it had first entered and was actually upon said crossing and intersection."

It is insisted that this instruction is bad because it is argumentative and does not accurately define the law. We believe there is reason for complaint on both grounds. Where the evidence is conflicting and the case is a close one on the facts, great care should be taken in properly instructing the jury, and a failure so

to do constitutes reversible error. *South Chicago City Ry. Co. v. Dufresne,* 200 Ill. 456. A mere reading of the foregoing instruction demonstrates that it is argumentative and if that were its only defect, it might be debatable as to whether or not it was harmless error. However, in its present form, we feel that it might be misleading to the jury. This instruction tells the jury that a driver on the State Highway cannot take the right-of-way over an automobile approaching the intersection with due care if that driver has first come to a full stop at said stop sign and has then actually entered said intersection and was first upon the State Highway in question. This is not a correct statement of the law. In *Riddle v. Mansager,* 254 Ill. App. 68, the court had occasion to discuss the right-of-way of motorists at intersections. A very similar instruction in principle to the one in controversy here was tendered in that case. It told the jury, ''that if they believed from the evidence that Streede was operating his automobile with ordinary care and reached and entered the intersection in question before Mansager reached it, and Streede was driving his automobile with ordinary care as aforesaid, then Mansager was obliged to yield the right-of-way across the intersection to Streede.'' The trial court modified the instruction by striking out the last clause and substituting the words, ''it is your duty to consider (take) such facts, if you so find from the evidence, into consideration in determining the issues in this case.'' The court said: ''The instruction as tendered is not a correct statement of the law and even with the modification, it is incorrect. While it is always the duty of the jury to consider the facts in determining the issues, nevertheless, the instruction as tendered and as modified and given is misleading, because it suggests that the driver who first entered the intersection had the right-of-way. No such rule of law obtains.'' The criticism directed against the foregoing instruction may just as forcibly

be urged to the instruction complained of in this case. In commenting on instructions concerning right-of-way at intersections, the Supreme Court in *Greene v. Noonan*, 372 Ill. 286, said: "The Statute as to right-of-way is clear. This instruction was confusing and not applicable to the admitted facts, but leaves much to be determined as to the applicability of the act to a given state of facts." and later, "While the rule is, as counsel for appellee argues, that the instructions will be viewed as a whole, yet, where instructions on an important feature in a case are inconsistent, so that the jury is unable to determine which is the law, error arises in giving the erroneous instruction."

In the present case the question of the right-of-way at the intersection of Euclid avenue with State Route No. 9, was a very important feature of the case and it was necessary that the jury be accurately instructed as to the law governing the right-of-way at such intersection.

Because of our views on the instruction just discussed, we do not deem it necessary to pass upon the question of newly discovered evidence. Believing it was error for the court to give such instruction to the jury, the cause is reversed and remanded to the circuit court of Vermilion county for retrial.

*Reversed and remanded.*