## Luella McDonald, Appellee, v. Fred Stiner, Appellant.
## Gen. No. 9,725.

Opinion filed March 7, 1951. Released for publication April 3, 1951.

HERSHEY & BLISS, of Taylorville, for appellant.

FRIBLEY & LaCHARITE, of Pana, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.
This is an appeal by defendant appellant Fred Stiner from a judgment for $4,000 rendered by the circuit court of Christian county on the verdict of

a jury in favor of plaintiff appellee Luella McDonald, for personal injuries which she sustained as a result of an automobile collision.

Defendant's brief states, "it is conceded that the evidence as to the defendant's negligence was sufficient to warrant a jury's finding that he was guilty of one or more of the acts of negligence charged." Such brief further states that the defendant seeks a reversal of that judgment upon the sole contention that the "plaintiff's own testimony constitutes such a flagrant and shocking disregard of the standards of due care applicable to travelers upon the highway as constitutes contributory negligence as a matter of law."

Defendant made no motion for a new trial. The only assignments of error argued by defendant are that the trial court erred in denying defendant's motion for a directed verdict at the close of all the evidence, and erred in denying defendant's motion for a judgment notwithstanding the verdict.

The collision occurred on November 17, 1948, about 7:30 a.m., in the intersection of two country roads, one running north and south and the other running east and west, both smooth, level roads covered with an oil dressing. There were no stop signs on either road. The weather was clear.

The plaintiff, a school teacher, was driving north on her way to teach school, the school house being located some distance north of the intersection. Defendant was driving east. There was no other traffic. As a result of the collision the plaintiff was knocked unconscious.

Plaintiff testified that as she approached the intersection her speed was between 35 and 40 miles per hour, that when she was a little less than one-eighth of a mile south of the intersection she looked west to her left and then saw defendant's car driving east about a quarter of a mile west of the intersection, that defend-

ant's car "looked to be coming at about the same speed that I was going," that she then thought she had plenty of time to get by the intersection, and thought he was far enough back for her to get across, that she then continued at about the same speed she had been traveling, but speeded up a little to not over forty miles per hour, and "the next thing I was hit," that she had "no remembrance" of again looking westerly, and the only time she saw the defendant's car was when she first saw it, although there was nothing to interfere with her seeing defendant's car had she again looked.

The defendant, aged 31 years, testified that he had traveled east about two or three miles at a speed of between 50 and 60 miles per hour, that when about 40 rods from the intersection he started cutting his speed to 25 or 30 miles per hour, that when about 40 rods from the intersection he had reduced his speed to about 25 or 30 miles per hour, that there was a heavy frost and on account of the frost the sun was almost like a ball of fire, that as he approached the intersection he looked at least three times to his right and to his left and was going about 25 or 30 miles per hour when he first saw the plaintiff's car about 30 feet distant and entering the intersection at the same time, and that he hit her car in a flash.

Roy Roller, defendant's uncle, testified that he was riding with defendant, that when about a mile west of the intersection defendant's car was going 50 or 55 miles per hour, that on account of the sun he could hardly see, that as defendant approached the intersection defendant slowed his speed to 30 to 35 miles per hour, and that plaintiff's car all at once jumped in front of them.

 The question of contributory negligence is one which is pre-eminently a fact for the consideration of a jury. Unless it can be said that the action of a person is clearly and palpably negligent, it is not

within the province of the court to substitute its judgment for that of a jury which is provided for the purpose of deciding this as well as the other questions in the case, and if there is any evidence in the record which, with any legitimate inference that may reasonably and legally be drawn therefrom, fairly tends to show the exercise of due care on the part of the plaintiff, then the court cannot properly find the plaintiff guilty of contributory negligence as a matter of law. (*Blumb v. Getz,* 366 Ill. 273, 277; *Ziraldo v. W. J. Lynch Co.,* 365 Ill. 197.) Negligence does not become a question of law alone unless the acts constituting it are of such a character that all reasonable men would concur in pronouncing it so. (*Berg v. New York Cent. R. Co.,* 391 Ill. 52, 63.)

In *Moran v. Gatz,* 390 Ill. 478, the plaintiff was struck by an automobile while walking from north to south on the east crosswalk of an intersection, in the City of Chicago. She testified that she stopped at the north curbing, looked and saw cars coming from the east, that she waited until they passed, and before stepping off the curb she looked west and saw two or three cars about a block away coming east. She then started to walk across the crosswalk. After taking three or four steps she glanced west and saw no cars. She continued to walk south on the crosswalk and when she reached a point about four feet from the south curb she was struck by the defendant's car. The Appellate Court found that the plaintiff was guilty of contributory negligence as a matter of law. In reversing such finding of the Appellate Court the Supreme Court said at page 486 of the opinion: ''Our conclusion, from the language of the act and the authorities cited, is that the right-of-way statute does not give a pedestrian, on a crosswalk, the right of way over all vehicles on the street under any and all circumstances. Each case must be considered in the light of the facts and circumstances

654

surrounding it. The pedestrian's right of way is not absolute because both he and the vehicle happen to be on the street at the same time. In this case appellant saw cars approaching from the west, about a block away. She had every reason to believe that the drivers of those cars knew they were approaching a cross street, where pedestrians and vehicles might be crossing; that the drivers would have their cars under control so as to avoid collision with any object and especially so as to yield the right of way to pedestrians rightfully on the crosswalk, as provided by statute. Whether her subsequent conduct constituted contributory negligence which would preclude a recovery of damages, was a question for the jury, and the Appellate Court erred in finding that appellant was guilty of contributory negligence as a matter of law.''

 It is our opinion that under the particular facts in this case the questions of the relative distances of the two cars from the intersection and the relative speeds of such cars when plaintiff looked to her left, and the questions of whether or not plaintiff's automobile had the right of way, and whether or not it was necessary for the plaintiff in the exercise of due care to keep on looking or again look, were all questions of fact for the jury to pass upon, and it is our opinion that we cannot properly find that the plaintiff was guilty of contributory negligence as a matter of law.

The judgment of the trial court is affirmed.

*Affirmed.*