Sylvio Ferno, Plaintiff-Appellee, v. Kenneth Brown, Defendant-Appellant.

**Gen. No. 11,051.**

Second District, First Division.
September 19, 1957.
Released for publication October 7, 1957.

John R. Snively, of Rockford, for appellant.

No appearance for appellee.

JUSTICE McNEAL delivered the opinion of the court.

Sylvio Ferno sued Kenneth Brown before a justice of the peace to recover damages resulting from a collision of their automobiles. The justice found for plaintiff Ferno and entered judgment against defendant Brown in the amount of $186.06 and costs. Defendant appealed to the County Court of Winnebago county. There the cause was submitted to a jury which returned a verdict in favor of plaintiff for the same amount, and judgment was entered on the verdict. Defendant moved for a directed verdict at the close of plaintiff's case and at the close of all the evidence, and filed a post-trial motion for a new trial. All motions were denied and defendant appealed.

Plaintiff-appellee made no appearance in this court and has filed no brief or argument. Appellant contends that the court erred in giving improper instructions for the plaintiff, that the court erred in the admission and exclusion of evidence, and that the verdict and judgment are contrary to the manifest weight of the evidence. It is, therefore, necessary to review the evidence.

According to the record, the collision occurred about 10:30 A. M. on a cloudy day in May, 1955, at the intersection of 11th Street and Reynolds Avenue in or near Rockford. Eleventh Street was a north-south, four-laned, concrete highway. Reynolds Avenue was two lanes in width and surfaced with asphalt, west of the highway. The pavement was dry. Plaintiff was driving his 1950 Chevrolet automobile north on 11th Street. Defendant drove his 1947 Ford automobile east on Reynolds Avenue, stopped his car at the stop sign

at the southwest corner of the intersection, proceeded into the intersection, and the automobiles collided.

Plaintiff testified that he was driving north on the inner or left-hand of the two northbound lanes on 11th Street. He was traveling 30 to 35 miles an hour before he entered the intersection. There was a bakery or pie truck in the parking lane in front of a store located at the northeast corner of the intersection. Plaintiff was looking ahead and didn't see any automobile other than the pie truck. He looked to the right on Reynolds Avenue and saw the pie truck, but not to the left. He didn't see Brown or his Ford stop on the west side of 11th Street. Plaintiff was already out to the center of the intersection and all of a sudden he was hit. Although the Ford came over the center line and was between the third and fourth lanes from the west, plaintiff still didn't see it until he was hit. Plaintiff's car was struck on the left side. The two doors and center post were affected. After the impact his car traveled about 30 feet—about one car length beyond the north line of the intersection. Defendant's car was two feet across the line that divides the north-bound lanes. Plaintiff said to Brown: "What is the matter, didn't you see where you were going?" There was no other conversation.

Defendant testified that Reynolds Avenue was about 33 feet wide from curb to curb. The pavement on 11th Street was about 54 feet wide with 6-foot parking lanes on each side and four 10½-foot travel lanes. As defendant went east on Reynolds Avenue, his cousin, Harold Sutherland, was sitting next to him in the front seat, and a boy who asked for a ride to 11th Street was sitting next to the door. Defendant stopped at the stop sign and let the boy out. After waiting for a car coming north to pass, defendant looked both ways, saw no other vehicle to the north or south, and started in low gear to cross the street. When he got

509

across the center line and over to the last lane, his cousin hollered "Look out" and defendant hit his brake. He saw Ferno just as the cars were coming together. Ferno was swinging toward the northeast, trying to get around defendant's car and was sliding sideways just before the impact. Defendant's car was knocked north about two feet and stopped about two feet across the last line. His right front fender and grill and the left front fender to the back fender of plaintiff's car came together. No part of defendant's left headlight or fender came in contact with plaintiff's car. Plaintiff's automobile went on about four car lengths after the impact. Defendant denied plaintiff's version of the conversation. Defendant said he asked plaintiff why he couldn't see him and plaintiff replied that he was looking off the highway toward the east at a pie truck.

Harold Sutherland testified that defendant stopped at 11th Street and let the boy out; he pulled up two or three feet and made a second stop; a car went by; they looked north and south after the car passed, saw nothing, and pulled out; witness saw plaintiff's car five or six feet away coming from the south, and hollered; Brown came to a complete stop; the left side of the other car sideswiped the right front fender and headlight of the Ford, and went on about four car lengths; witness heard Ferno say he was looking off the road to see if anything was coming from the east on Reynolds Avenue; the bread truck which was on Reynolds Avenue before the collision, pulled out and went around the Chevrolet.

Considered in its most favorable aspect, plaintiff's evidence shows that he was traveling at 30 miles an hour on a through street; that he looked to the right on Reynolds Avenue and saw the pie truck, but he did not look to the left; and that he did not see defendant's Ford until the cars came together. There is no indica-

510

tion that plaintiff decreased his speed as he crossed the intersection, until after the impact.

In Kirchoff v. Van Scoy, 301 Ill. App. 366, this court had occasion to review a case in which the facts were essentially the same as in the instant case. In that case plaintiffs were traveling at a speed of 15 to 20 miles an hour west on Madison Street toward its intersection with Walnut Street in Pontiac. Mrs. Kirchoff's attention was attracted to a house that was being painted at the northeast corner of the intersection, and she did not look to see whether any car was approaching on Walnut. Her son, who was driving the car, looked to the north on Walnut, but not toward the south until he was going across the intersection. When he was in the center of the intersection he saw the Van Scoy car, which had been traveling north on Walnut, hit his left front wheel.

In that case we said that no reasonably prudent person, approaching an intersection from the right, proceeds upon the conclusive presumption that the driver approaching from the left will make no error in weighing the relative distances and speeds, but such a person must keep a lookout for traffic approaching from the direction over which he has the right-of-way and, if he fails to do so, he is not as a matter of law in the exercise of reasonable care for his own safety.

██ In the instant case plaintiff's evidence fails to show that he was in the exercise of reasonable care, and affirmatively shows that he was guilty of negligence which contributed to cause the collision and resultant damage to his car. It is our duty to reverse a judgment if, from a consideration of the record, we conclude that the judgment appealed from is against the manifest weight of the evidence (Bell v. Illinois Farm Supply Co., 334 Ill. App. 216, 226; Sycamore Preserve Works v. Chicago & N. W. R. Co., 293 Ill.

App. 20, 25; Bowman v. Illinois Cent. R. Co., 9 Ill.App. 2d 182, 203).

Defendant further testified that he had paid for repairing the damage to his car and identified as an exhibit a receipted bill itemizing the repairs totaling $78.85. The exhibit was offered in evidence as a set-off and counterclaim against the plaintiff, and the court sustained plaintiff's objection to the offer. Section 4a, Article V of "An Act to revise the law in relation to justices of the peace and constables", approved June 26, 1895, as added by Act approved May 28, 1937 (Par. 40a, Ch. 79, Ill. Rev. Stat. 1955), provides that any defendant may counterclaim for damages arising out of the same cause of action in any tort action within the jurisdiction of the justice, and that the issues in such cause of action and counterclaim shall be tried together. Section 19 of the same Article provides that the justice shall, at the request of either party made before the trial shall have been entered upon, require the other to exhibit his account or state the nature of his demand or set-off, in writing, and upon failure to do so may preclude the party from giving evidence of the same. In Cook v. Baker, 137 Ill. App. 401, the court referred to this section and said (p. 404):

"This is the authority and the only authority for requiring either party to state or exhibit in advance his demand or defense before the introduction of the evidence. This statute applies to the trial on appeal in the Circuit Court. The record shows no motion or request of the appellee made before the trial was entered upon to require appellant to exhibit his set-off, and no such order was made. Appellant was under no obligation, in the absence of such motion and rule, to state in advance of the trial his set-off or defense, and he had a right to present his evidence under the statute without exhibiting his account or stating the nature

512

of his demand. It was error to refuse him the right to introduce any competent evidence of his set-off."

The verdict and judgment of the County Court of Winnebago county are clearly against the manifest weight of the evidence, and the court erred in refusing to admit evidence of defendant's counterclaim. Since this case must be reversed and remanded for a new trial, it is unnecessary for us to consider the other assignments of error urged by appellant.

The judgment is reversed and remanded for a new trial.

Reversed and remanded.

DOVE, P. J. and SPIVEY, J., concur.