Avis Quigley, Plaintiff-Appellee, v. Roger Crawford, Defendant-Appellant.

**Gen. No. 11,210.**

Second District, First Division.
November 18, 1958.
Released for publication December 5, 1958.

 █

Maynard & Maynard, of Rockford (James F. Maynard, of counsel) for defendant-appellant.

Wayne Wilson, of Sycamore, for plaintiff-appellee.

PRESIDING JUSTICE SPIVEY delivered the opinion of the court.

A jury in the Circuit Court of DeKalb County returned a verdict in favor of the plaintiff in the amount of $5,000 for damages for personal injuries suffered as the direct and proximate result of defendant's negligence. Judgment was rendered on the jury's verdict, from which judgment defendant appeals.

Defendant's brief with commendable candor admits the acts of the defendant constituted actionable negligence. As a single ground for reversal however, he urges that the plaintiff wholly failed to prove her due care by a preponderance of the evidence, and contends her individual testimony shows her to be guilty of contributory negligence as a matter of law.

No noteworthy dispute exists as to the facts just before and at the time of the occurrence in question.

Plaintiff was driving her car at a speed of about forty-five miles per hour in a northerly direction on a gravel road designated as Annie Glidden Road. At a point about 300 to 400 feet south of the intersection of Annie Glidden Road with an east-west gravel road, the plaintiff looked to the right and to the left (east and west) along the intersecting road and observed no traffic approaching from either direction. Plaintiff proceeded at about the same speed without again looking to the left (west) but looking straight ahead, and

455

as she neared the intersection, she looked slightly to the right (east). After her car entered the intersection it was struck in the middle left side by the front of the defendant's car which was proceeding in an easterly direction. Plaintiff has no recollection of having been struck.

Defendant with a companion was driving eastwardly at a speed of about forty-five miles per hour. At a point about 500 feet west of the intersection with Annie Glidden Road, the road on which the defendant was traveling comes to a slight crest at which point the defendant looked to the left (north) and the right (south) and again at a point 400 feet from the intersection he looked to the right. At neither of these points did the defendant observe the approach of the plaintiff; however, he stated the sun was shining through the trees into his eyes. From these points the defendant proceeded eastwardly at the same speed to the point of collision, observing the plaintiff's car for the first time at the moment of impact.

Plaintiff and defendant both stated that their respective views when they looked to the west and south were unobstructed. On cross-examination the plaintiff stated that if she had looked to the left again after passing the point about 300 to 400 feet south of the intersection that she could have seen the defendant's car. Further, on cross-examination, when asked for an explanation for her failure to observe the defendant's car, the plaintiff stated that she had the right of way over cars approaching from the left at an unmarked intersection; that she was in a hurry to get home; and that there was little traffic at that time on Sunday morning.

Defendant submits the undisputed facts; that the plaintiff did not again look to the left after having passed the point 300 to 400 feet south of the intersection; that she, by her admission, could or would have

seen the defendant's car had she looked within the last 300 to 400 feet; and that coupled with her statement she thought she had the right of way, amounts to contributory negligence as a matter of law.

■ To permit a court to hold that a plaintiff is guilty of contributory negligence as a matter of law, all reasonable minds must agree from the evidence with all reasonable inferences to be drawn therefrom in plaintiff's favor that the plaintiff was guilty of contributory negligence. It is an accepted maxim that anything short of that standard resolves itself into a question of fact solely within the province of the jury.

■ The driver of a motor vehicle cannot approach and enter an intersection on the conclusive presumption that a driver of a vehicle approaching from the left will yield the right of way as required by Sec. 68 of the Uniform Act Regulating Traffic on Highways [Ill. Rev. Stats. 1957, Chap. 95½, § 165]. (Kirchoff v. Van Scoy, 301 Ill. App. 366, 22 N.E.2d 966; Ferno v. Brown, 14 Ill.App.2d 507, 145 N.E.2d 91; Sharp v. Brown, 343 Ill. App. 23, 98 N.E.2d 122; and Smith v. Ohio Oil Co., 10 Ill.App.2d 67, 134 N.E.2d 526.)

To sustain defendant's contention for reversal, our attention is called to a number of cases dealing with intersection accidents principally among which are Ferno v. Brown, 14 Ill.App.2d 507, 145 N.E.2d 91; Sharp v. Brown, 343 Ill. App. 23, 98 N.E.2d 122; Smith v. Ohio Oil Co., 10 Ill.App.2d 67, 134 N.E.2d 526; and Crowe Name Plate & Mfg. Co. v. Dammerich, 279 Ill. App. 103.

In Ferno v. Brown this court followed the rule announced in Kirchoff v. Van Scoy, 301 Ill. App. 366, 22 N.E.2d 966. Both of these cases are distinguishable with the instant case in that in those cases the evidence established that the plaintiff had at no time looked to the left while approaching and entering an intersection, but proceeded on the conclusive presump-

tion that the driver approaching from the left would yield the right of way. To like effect Crowe Name Plate & Mfg. Co. v. Dammerich and Wodecki v. Harold M. Pitman Co., 286 Ill. App. 610, 3 N.E.2d 346 (Abst.).

Smith v. Ohio Oil Co. and Sharp v. Brown announces the general principal of law heretofore set out in this opinion.

In the instant case we are unable to say as a matter of law that plaintiff was guilty of contributory negligence. We are not disposed to extend the rule announced in the Ferno, Crowe Name Plate & Mfg. Co., Wodecki, and Kirchoff cases to the facts in this case.

Plaintiff was driving about forty-five miles per hour and had a clear, unobstructed view to her left when she looked to the left at a point about 300 to 400 feet south of the intersection. At the speed she was traveling she would reach the intersection in about four and one-half to six seconds.

We find that it was a question of fact for the jury to determine whether the plaintiff was acting as a reasonably prudent and careful person would have acted under like or similar circumstances just before and at the time of the occurrence. It was for the jury to determine under all of the evidence whether she should have again looked to the left taking into consideration her further duty to look ahead and to the right, the condition of traffic, and whether the defendant's car had reached the crest of the road so as to be within the scope of plaintiff's vision.

The instant case is almost a reproduction of the case of McDonald v. Stiner, 342 Ill. App. 651, 97 N.E.2d 573. In that case the court affirmed the judgment of the trial court for the plaintiff, on the same principles we have announced herein. The only difference in that case was that the plaintiff looked to her left for the only time when about 650 feet from the intersection at which time she observed the defendant's car about a

quarter of a mile to the left of the intersection, and she thought she had time to get by the intersection.

We conclude that the trial judge did not err in refusing defendant's motions for directed verdict in his favor or refusing defendant's motion for judgment notwithstanding the verdict.

The judgment of the Circuit Court of DeKalb County is affirmed.

Affirmed.

DOVE and McNEAL, JJ., concur.