**Cherie Whelan Bennett and Martin Whelan, Plaintiffs-Appellees, v. Carolyn Boyer, a/k/a Carolyn Boyer Neikirk, Defendant-Appellant.**

**Gen. No. 11,074.**

Fourth District.

August 12, 1969.

Claudon & Elson, of Canton, for appellant.

Greenberg, Janssen & Becker, of Peoria (Arthur G. Greenberg, of counsel), and Daniel Handlin, of Lincoln, for appellees.

TRAPP, P. J.

Defendant appeals from judgments entered upon jury verdicts in favor of the respective plaintiffs for personal injuries in the sum of $11,000, and for property damage in the sum of $850. Upon argument on appeal defendant confessed that the owner of the automobile, Martin Whelan, is entitled to recover for property damage. The trial court denied defendant's post-trial motion which renewed a request for a directed verdict, and a motion for judgment non obstante veredicto.

■ It appears that the trial court filed a memorandum opinion of reasons for denying defendant's motion. Neither party has seen fit to include such in the praecipe for record. This Court should have the benefit of the trial court's consideration of the issues presented to him.

Defendant argues that the plaintiff, Cherie Bennett, was guilty of negligence as a matter of law. The jury answered defendant's special interrogatory with a finding

that Cherie Bennett was exercising ordinary care for her own safety.

Immediately prior to the collision plaintiff was driving north upon a street in the town of San Jose. Defendant was approaching the intersection from the west. Upon oral argument, defendant confesses that she was negligent in driving into the intersection. Cherie Bennett and her brother, who was 18 at the time of the trial, each testified that as their automobile approached the intersection from the south, the driver almost stopped and each looked to left and right and saw nothing; that the car was driven into the intersection in reduced gear and when near the center of such, each saw defendant's car which came from the left and struck plaintiffs' automobile in the middle and rear of the left side. The brother estimated that plaintiffs' car was pushed 25 feet into the northeast quadrant of the intersection, and that defendant's car was partially under plaintiffs' automobile as they came to rest.

Defendant's contention rests upon an interpretation of certain answers of Cherie Bennett during cross-examination. She was asked if anything blocked the view to the left and she responded, "At that time I believe there was a tree." She answered "yes" to a further question as to whether a tree blocked her view when she first looked to the left. So far as the abstract shows, plaintiff's brother was not asked about an obstruction of the view to the left. Nothing before us discloses the size of the tree or its proximity to the intersection, and it cannot be determined whether any obstruction of view, as argued, was immediate or remote.

The contention that plaintiff was guilty of contributory negligence as a matter of law is based upon the claim that her view to the left was obstructed, but that she nevertheless proceeded without again looking to the left until an instant before the collision at which time she was at or near the center of the intersection.

428

Defendant cites as authority Crowe Name Plate & Mfg. Co. v. Dammerich, 279 Ill App 103; Kirchoff v. Van Scoy, 301 Ill App 366, 22 NE2d 966; Ferno v. Brown, 14 Ill App2d 507, 145 NE2d 91; and Walker v. Illinois Commercial Tel. Co., 315 Ill App 553, 43 NE2d 412. In each of these cases the opinion notes the evidence that the party did not look to the left at any time prior to entering the intersection. Walker is the only case cited which explicitly concerns an obstruction to the view of a plaintiff. In that case plaintiff, traveling on a preferential street, approached the intersection where the view was obstructed by a parked telephone truck and equipment. The opinion reports evidence of plaintiff's high speed and that he did not look, at any time, for other vehicles which might be entering the intersection. Plaintiff's judgment was reversed, but the court pointed out that if there was any evidence of plaintiff's due care there would be a question of fact to be decided by the jury, but that since there was no evidence upon such issue the judgment was reversed as a matter of law.

In Pfister v. West, 53 Ill App2d 305, 203 NE2d 35, the court notes that the presumptions concerning right-of-way did not excuse the favored motorist from exercising reasonable care in the light of the circumstances, but that they did establish that it is a question of fact whether the favored motorist exercised reasonable care in entering the intersection.

■ Here there is evidence that plaintiff did look after almost stopping, and proceeded into the intersection in lower gear. The movement of the cars after impact raises an inference of speed as to defendant's car. This record does not show such quantum of obstruction to plaintiff's view as she approached the intersection that we can say, as a matter of law, that the trial court erred in denying the post-trial motions. It is properly for the jury to determine whether or not she was exercising

reasonable care in the light of the circumstances present at the time and place.

The judgment of the Circuit Court is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.