No. 4218

Second Circuit

POULAN v. DEAS

(December 9, 1931. Opinion and Decree.)

Oliver & Digby, of Monroe, attorneys for plaintiff, appellant.

Theus, Grisham, Davis & Leigh, of Monroe, attorneys for defendant, appellee.

DREW, J. Plaintiff sued for $143.85 alleged to be due him for damages to his car caused by a collision with the car of defendant, which was driven by his wife.

Defendant denies liability and reconvenes for damages in the sum of $250, alleged to have been done his car by the collision.

The lower court rejected the demands of both plaintiff and defendant, and plaintiff has appealed to this court. There is no answer to the appeal, and no appeal was taken by defendant from the judgment rejecting his reconventional demand. Therefore, the demand of plaintiff is the only thing before us for determination.

Plaintiff, traveling in a Ford car, was going south on Fourth street, and defendant was traveling east on Glenmar street, in the city of Monroe, La. Defendant's wife was driving a Lincoln car. At the corner of Fourth and Glenmar is a church. The day of the accident was Easter Sunday, about the noon hour, and services were being held at the church at the time of the accident. Automobiles were parked one behind the other on both sides of Fourth and Glenmar streets, making it necessary to travel between a line of cars on each side of the street in traveling either street, which more or less obstructed the view of one driving a car on either street upon entering the intersection. Fourth street was a right of way street, but, on entering Fourth from Glenmar, the ordinance of the city did not require one to stop. The speed limit fixed by ordinance of the city was twenty-five miles per hour. The preponderance of evidence is, we think, that plaintiff was traveling at a speed of thirty miles per hour when he entered the intersection, and that defend-

ant was traveling at a speed of about ten miles an hour. The collision occurred in the southeast corner of the intersection, which corroborates the positive testimony that defendant's car entered the intersection first, and the front of defendant's car had reached the center of the intersection before plaintiff's car entered. The speed we find the two cars were making is further corroborative of this fact, for if the car of plaintiff, making thirty miles per hour, had entered the intersection first, it would have crossed the intersection entirely before being struck by defendant's car, making ten miles per hour. Defendant's car, having entered the intersection first and traversed half of said intersection before plaintiff reached the intersection, it was the duty of plaintiff to have had his car under control, and to have allowed defendant to pass on before entering. The number of parked cars on both sides of the street called for extra precaution on the part of plaintiff and defendant, and we are convinced that when plaintiff attempted to cross the said intersection at a rate of speed of thirty miles, or even twenty miles, per hour, as testified to by him, he was guilty of negligence, under the conditions that prevailed at that place at that time.

Although Fourth street was a right of way street, after defendant had got into the intersection, it was the duty of plaintiff to let her cross, and he was not justified, under the law, in attempting to cross said intersection; and his negligence in traveling at an excessive rate of speed on entering the intersection, together with his negligence in entering the intersection, after defendant had halfway crossed it, is sufficient to bar his right to recovery.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.