**John Hogrefe, Appellee, v. Edward S. Johnson, Appellant.**

**Gen. No. 8,656.**

470

Opinion filed September 20, 1933.

E. Bentley Hamilton and Howard White, for appellant.

Louis Knoblock, for appellee; George W. Hunt, of counsel.

Mr. Justice Huffman delivered the opinion of the court.

Appellee, John Hogrefe, plaintiff below, and hereinafter called plaintiff, filed his suit against Edward S.

Johnson, defendant below, for damages received by said plaintiff in a collision of plaintiff's automobile with that of defendant. Plaintiff recovered a verdict in the sum of $3,250. The trial court ordered a remittitur of $750, which was accepted by plaintiff, and judgment was accordingly entered for $2,500. Defendant, Johnson, prosecutes this appeal.

It appears from the evidence that plaintiff left his home at Buckley, Illinois, at an early hour on January 10, 1931, for the purpose of taking his brother to work at Mansfield. Plaintiff was driving a Chevrolet coupe. The weather on this particular morning was bad. It was foggy, raining, and freezing weather. The evidence shows that the fog and rain gathered so rapidly on the windshield and froze so quickly that the windshield wiper had no effect thereon and would not keep the windshield clear of ice and frost. Plaintiff stopped his car and cleaned his windshield four times between Buckley and Champaign, cleaning it the last time about two miles before reaching Champaign. Defendant arrived in Urbana that morning by train, where he was met by his family. Defendant is engaged in the dredging business and has driven an automobile since 1905. He was driving with his family from Champaign to Peoria in his automobile, which was a Packard sedan. Defendant stopped once after leaving Champaign to clean the ice and frost from his windshield. Defendant's car was equipped with double windshield wipers, but they would not keep the glass clear from the freezing rain and fog. Just prior to the accident defendant had arrived at a point on the paved highway, about seven miles west of Champaign; his windshield was covered with ice and frost, so that his visibility was very bad. It was about 6:30 a. m. The defendant had the lights on his car burning brightly, and also had a spotlight turned to the right side of the road to assist him in locating a suitable place to drive

his car off the pavement for the purpose of cleaning his windshield. Defendant had just driven around a long sweeping curve of some 500 feet, and was starting along a straight stretch of road. He had proceeded around the curve at a slow rate of speed, due to the icy condition of the pavement and extremely poor visibility. The evidence shows that he was preparing to leave the pavement and was driving at the approximate speed of five miles per hour.

The plaintiff was a young man 27 years old, engaged in farm work, and living at Buckley. He was taking his brother to Mansfield to work. The brother was supposed to start work at 7 a. m. At the point approximately seven miles west of Champaign, plaintiff drove his automobile into the rear of defendant's automobile, thereby knocking off the rear bumper, the right rear fender, breaking the glass on the right rear side, causing the right rear tire to blow out and cutting two holes through the rear of defendant's car, one of such cuts being about 12 inches in length, and the other about eight inches in length. The Packard sedan that defendant was driving was a heavy car and the body was steel. Upon the collision, plaintiff's car overturned in the ditch, breaking plaintiff's arm.

It appears from the defendant's evidence that immediately after the accident, plaintiff stated he was driving his automobile about 40 miles per hour. On the trial of the case, he claimed that he was operating his car at the speed of 25 miles per hour. Plaintiff stated that his visibility was about 25 or 30 feet; that it was a dark, foggy, bad morning; that it was raining, and the rain froze on the windshield, and that the pavement was covered with ice. Plaintiff's evidence shows that he was proceeding under the above conditions as to weather and highway at the speed of 25 miles per hour and with a visibility of but 25 or 30 feet. Plaintiff offers as his reason for the collision

that he did not see defendant's car in time to stop his car and avoid running into it. The evidence demonstrates this fact. Plaintiff urges that defendant had stopped upon the highway and was therefore negligent. The weight of the evidence is against this contention, and shows that defendant was proceeding along the highway in his own proper traffic lane, and in a westerly direction. Plaintiff came up behind defendant's car, and due to his impaired visibility, and the speed at which he was traveling, ran into defendant's car without any fault on the part of the defendant. Plaintiff states that no car or vehicle was coming from the west toward him at the time of the collision, yet, instead of turning his car to the left and passing the defendant's car in the other traffic lane, he turned his car to the right, striking the defendant's car on the right rear corner. Plaintiff offers no reason why he did not turn his car to the left and pass defendant's car in the usual and customary manner and upon the other traffic lane of the highway.

The speed at which the defendant's car was traveling is not a controlling element in this case. It was traveling in its own traffic lane and its presence there upon the highway was legal and rightful, and the evidence does not disclose that the operation of defendant's car was in any way the efficient and proximate cause of the collision. The evidence clearly demonstrates that the collision was the result of the negligence of the plaintiff, who, disregarding his own safety and the safety of others then upon the highway, operated his automobile under such circumstances and conditions and at a rate of speed which prevented his having his car under such control as to avoid running into other vehicles then in the rightful use of the highway. The rights of persons operating automobiles upon public highways are equal and their duties toward one another are reciprocal; and persons oper-

ating automobiles upon the public highways, if in the exercise of ordinary care, should be on the alert for other cars upon such highway. Persons operating automobiles are chargeable with notice that others are to be expected to be using such highway, and they owe a mutual duty to each other to exercise reasonable care to avoid collisions.

Whenever a person has contributed essentially to his own injury by his own negligence, the law will give him no redress. *Collins v. McMullin,* 225 Ill. App. 430. The question resolves itself into one as to whether or not the plaintiff's conduct was the proximate cause of his injury, and if so, his contributory negligence will bar his recovery.

In *Harrison v. Bingheim,* 350 Ill. 269, with reference to duties of the plaintiff, it is stated: "It was his duty to use reasonable care to have his automobile under such control as would enable him to avoid collision with other automobiles, whether parked along the curbing or traveling in the accustomed line of traffic."

A recovery in this case cannot be had or sustained unless it is affirmatively shown by the evidence that the plaintiff was in the exercise of due care for his own safety. The facts relative to the care exercised by him are not in dispute and they plainly indicate a disregard for his own safety. After carefully reviewing the present record, and considering all the facts and circumstances in evidence, we are of the opinion that the judgment appealed from cannot stand. We do not believe that the defendant is under any liability to the plaintiff. In our opinion, it clearly appears from the preponderance of the evidence that the damages suffered by plaintiff were the result of and caused by his own negligence; and that his contributory negligence was the proximate cause of his injuries. He was aware of the weather conditions, the poor visibility,

and the treacherous condition of the highway. Under such circumstances, it was his duty to keep a sufficient lookout ahead that would have enabled him to discover other vehicles upon the highway traveling in the same direction as himself, and to have operated his automobile in such a manner as to either be able to stop the same, or to have passed the automobile in front of him in the usual and ordinary manner, the road then being clear. *Johnson v. Kushler*, 269 Ill. App. 553.

There is no evidence in the record tending to prove due care on the part of the plaintiff or to rebut the undisputed proof of his contributory negligence. We therefore find, as an ultimate fact to be incorporated in the judgment, that the plaintiff was not in the exercise of due care and caution at the time and immediately before the accident, and that he was guilty of such contributory negligence as to bar his recovery. The trial court should have directed a verdict for defendant, in response to defendant's motion made therefor. On account of this error, the cause is reversed without remanding. *Crawford v. Cahalan*, 259 Ill. App. 14.

*Reversed.*