Kaethe Willgeroth, Administratrix of the Estate of Alfred O. Willgeroth, Deceased, Appellee, v. Susie W. Maddox, Administratrix of the Estate of William A. Maddox, Deceased, Appellant.

Gen. No. 8,958.

Opinion filed July 30, 1935. Rehearing denied September 30, 1935.

WILLIAM D. KNIGHT, of Rockford, and HOGAN & SIMON, of Chicago, for appellant.

HALL & DUSHER, of Rockford, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This case arises out of an action brought in the circuit court of Winnebago county by Kaethe Willgeroth, administratrix of the estate of her deceased husband

Alfred O. Willgeroth, against Susie W. Maddox, as administratrix of the estate of her deceased husband, William A. Maddox. The complaint alleged that on August 10, 1933, William A. Maddox was driving his automobile and Alfred O. Willgeroth was riding with him as a passenger; that Maddox was driving said automobile on State Route No. 70, known as the Meridian Highway; that said highway runs north and south, and about one mile east of Davis Junction crosses the railroad track of the Chicago, Milwaukee, St. Paul & Pacific Railroad Company; that the automobile was being driven in a southerly direction; that as the car was approaching the crossing, Maddox then and there wilfully, wantonly and recklessly ran, managed, operated, and drove said automobile, and that on account of said wilful, wanton and reckless conduct of defendant's intestate, said automobile was caused to and did collide with a railroad train on said railroad track at said crossing and the plaintiff's intestate, Alfred O. Willgeroth, then and there received injuries from which he thereafter died. The complaint also sets forth the heirship of Alfred O. Willgeroth.

To this bill of complaint the defendant filed an answer admitting part of the allegations of the petition, but denying that William A. Maddox was guilty of wilful and wanton conduct in the management and operation of the automobile just prior to and at the time of the collision which caused the death of the plaintiff's intestate. The case was tried before a jury which rendered a verdict in favor of the plaintiff and against the defendant in the sum of $5,000. The defendant entered a motion for a judgment notwithstanding the verdict, which was overruled. After a motion for a new trial was entered and overruled, the defendant was then granted leave to file an amendment to her answer which charges, "That the plaintiff's intestate, Willgeroth, then and there, was guilty of wilful

and wanton conduct, and that said wilful and wanton conduct contributed as the proximate cause to his own injury and death, without which the accident would not have occurred"; and (b) also charged "that plaintiff's intestate, Willgeroth, before and at the time of the accident in question, had the same opportunity to observe the oncoming train which defendant's intestate, Maddox, had, and that plaintiff's intestate, Willgeroth, was guilty of the same degree of wilful and wanton conduct of which defendant's intestate, Maddox, was guilty, if any, which wilful and wanton conduct on the part of plaintiff's intestate, Willgeroth, contributed as the proximate cause of his own injury and death, and without which it would not have occurred"; and (c) also charged "that plaintiff's intestate, Willgeroth, had equal opportunity to observe the approach of the railroad train with the opportunity which defendant's intestate, Maddox, had, and that nevertheless in wilful, wanton and reckless disregard of his duty in that behalf, and with utter disregard of consequences, the plaintiff's intestate, Willgeroth, wilfully, wantonly and with wilful, wanton and reckless disregard of his duty in that behalf, and with a willingness to accept the chance of injury to himself, wilfully, wantonly and with reckless disregard either failed to observe the coming of said train, or having observed the coming of said train, and knowing of its approach, and with a conscious willingness to incur injury to himself failed to do anything to protect himself and failed to do anything to warn the said Maddox of the approach of said train, and the said Willgeroth wilfully and wantonly, and with reckless disregard of his own safety, left a place of safety, and rode in front of said approaching train, and was struck by said train, which wilful, wanton and reckless conduct of the said Willgeroth, contributed as the proximate cause of his own injury and death, and without which it would not have occurred."

To this amended answer the plaintiff filed a replication denying that the plaintiff's intestate was guilty of any wilful, wanton and reckless conduct which was the proximate cause of his injuries.

The first point urged by the appellant for a reversal of the judgment is that the plaintiff failed to prove that she was the widow and next of kin of the plaintiff's intestate. There may be, and probably is, some merit in this contention but as the case will have to be reversed and remanded for other reasons, we do not decide this point in this appeal.

There is very little, if any, dispute in regard to the evidence in this case. The main witness for the plaintiff, Mr. Ross C. Wheat of Bensenville, Illinois, a locomotive engineer employed by the C. M. St. P. & Pac. Railway Company, testified that he was in charge of the engine on August 10, 1933, at the time of the accident in question; that he was driving the engine at approximately 50 miles per hour; that the bell was ringing and that he blew the whistle as he approached the crossing where the accident occurred; that he first observed the automobile coming in a southerly direction about 700 feet north of the intersection of the highway with the railroad track; that in his opinion the automobile was traveling approximately at a rate of 60 miles per hour; that the driver of the automobile was looking straight ahead until he approached within two or three hundred feet of the crossing when he turned his head to the west; also, that the man who was riding with him did the same thing; that within a few seconds they faced ahead again and kept coming on at the same rate of speed until they got within 75 or 100 feet of the track, when the automobile slowed down and the driver just as he got in front of the engine looked at the engine and that was the last that he, the engineer, saw of the automobile until the engine struck it; that when the driver and the passenger in the automobile first looked at the engine they were perhaps 15

feet from the crossing and the engine was about the same distance away.

Other witnesses testified relative to the speed at which the automobile was being driven and that neither of the deceased parties in the automobile appeared to have any knowledge of the approach of the freight train. The fireman on the engine testified that because the automobile was struck on the front of the engine another engine was procured from the station a short distance west of the scene of the accident and that they had that engine come up and pull the automobile loose from the engine which struck the automobile. This witness also testified that the engine that came to pull the automobile from the other engine was being used for switching purposes near the station at the time of the accident.

The jury by their verdict evidently thought that Maddox at the time he was driving the automobile in question was guilty of wilful and wanton conduct which caused the injuries to the plaintiff's intestate. The appellant seriously contends that the evidence does not justify such a finding, and if it does, that the plaintiff's intestate is guilty of the same wanton and wilful conduct as Maddox, and therefore, the plaintiff is barred from a recovery.

It is hard to distinguish between negligence and wanton and wilful conduct. In the case of *Lake Shore & M. S. Ry. Co. v. Bodemer,* 139 Ill. 596, the Supreme Court in discussing this matter use the following language: "What degree of negligence the law considers equivalent to a wilful or wanton act is as hard to define as negligence itself, and in the nature of things, is so dependent upon the particular circumstances of each case as not to be susceptible of general statement." In *Illinois Cent. R. Co. v. Godfrey,* 71 Ill. 500, we said that where a trespasser is injured, the railroad company is liable for "such gross negligence as evidences

wilfulness.'' We said the same thing in *Blanchard v. Lake Shore & M. S. Ry. Co.*, 126 Ill. 416. What is meant by ''such gross negligence as evidences wilfulness?'' It is ''such a gross want of care and regard for the rights of others as to justify the presumption of wilfulness or wantonness.'' ''It is such gross negligence as to imply a disregard of consequences, or a willingness to inflict injury.'' In *Harlem v. St. Louis, Kansas City & N. Ry. Co.*, 65 Mo. 22, it was said: ''When it is said, in cases where plaintiff has been guilty of contributory negligence, that the company is liable, if by the exercise of ordinary care it could have prevented the accident, it is to be understood that it will be so liable if, by the exercise of reasonable care, after a discovery by defendant of the danger in which the injured party stood, the accident could have been prevented, or if the company failed to discover the danger through the recklessness or carelessness of its employees, when the exercise of ordinary care would have discovered the danger and averted the calamity.''

The evidence in this case shows that William A. Maddox and Alfred O. Willgeroth had been friends, and for several years were employed at the same place; that they had been together frequently, that as they were riding they evidently were attracted by the freight train which was switching west of the road on which they were traveling, that they were both looking in the same direction toward this engine; that neither of them gave any indication whatsoever that they were aware of the approach of the freight train which caused their deaths. That each of these parties was guilty of the grossest negligence in not discovering the approaching freight train is beyond question. From the evidence in this case we are of the opinion that Maddox and Willgeroth were guilty of negligence or wilful and wanton conduct to the same degree, as

they both had equal opportunity to observe the approaching train. It is further our opinion that the plaintiff has failed to prove that defendant's intestate was guilty of wilful and wanton misconduct that was the proximate cause of plaintiff's intestate's injury that caused his death.

Assuming that both Maddox and Willgeroth were guilty of wilful and wanton conduct in not discovering the approach of the freight train, the question then arises whether that is a defense to the action of the plaintiff in this suit. It is conceded that contributory negligence is not a defense to an action for the personal injuries, when it is charged that the acts were done wilfully and wantonly. The Supreme Court of Michigan in the case of *Redson v. Michigan Cent. R. Co.*, 120 Mich. 671, 79 N. W. 939, had occasion to pass on this question, and in their opinion say: "Plaintiff saw this train coming. He was just in the act of hitching onto a log. Instead of immediately removing his horses, which, it is evident, he had then ample time to do, and taking them out of danger, he ordered the log rolled up onto the car, and, before he could then get his horses removed, both the horses and his partner, Wentworth, in charge of them, were killed. Had injury resulted to the train, or to the trainmen, it might just as well have been charged that he (the plaintiff) was guilty of intentional wrong, as to charge that the engineer was guilty of it. It would then be gross negligence against gross negligence, wilful misconduct against wilful misconduct, and intent against intent; and in such case the law leaves both parties where they have placed themselves, and gives recovery to neither."

In the case of *Hinkle v. Minneapolis, A. & C. R. Co.*, 162 Minn. 112, 202 N. W. 340, the Supreme Court of the State of Minnesota defines what is wilful and wanton conduct, and defenses to such actions and in their

opinion say this: "Wilful and wanton negligence is reckless disregard of the safety of the person or property of another by failing, after discovering the peril, to exercise ordinary care to prevent the impending injury. One is liable for negligence only when such negligence is the proximate cause of the injury. When a defendant is charged with ordinary negligence, contributory negligence is a good defense. Why? The answer is founded in proximate cause. In the absence of the doctrine of comparative negligence they are equally to blame. When two persons are equally at fault in producing the injury, the law leaves them where it finds them. Contributory negligence is not a defense to wanton and wilful negligence, for the very simple reason that the parties are not equally delinquent in the violation of duty. In such case the negligence of the defendant is the proximate cause of plaintiff's injury while his negligence is no more than a remote cause.

"The theory of these variations of negligence leads to but one logical conclusion, and that is that the same basic reason which causes contributory negligence to prevent a recovery in an action sounding in ordinary negligence also prevents a recovery by one who is guilty of wilful and wanton negligence. Such negligence is just as efficient to offset the defendant's negligence of the same character as contributory negligence offsets ordinary negligence. There can be no more comparative wantonness than there can be comparative negligence. When both parties are guilty of such negligence neither can be selected as that which is the proximate cause, and hence the law must leave both where it finds them. The conclusion is inevitable, even though its application be fraught with difficulties."

The case of *Osteen v. Atlantic Coast Line R. Co.,* 119 S. C. 438, 112 S. E. 352, holds that "contributory neg-

ligence on the part of the plaintiff is a defense to negligence on the part of a defendant, and contributory wilfulness, wantonness, or recklessness on the part of the plaintiff is a defense to wilfulness, wantonness or recklessness on the part of the defendant."

In the case of *Spillers v. Griffin*, 109 S. C. 78, 95 S. E. 133, the Supreme Court of South Carolina uses this language: "Again, contributory negligence is not a defense to wilfulness, because the parties are not equally to blame. Apply that same rule here, and we find that when a plaintiff wilfully contributes, as the proximate cause to his own injury, he cannot recover, even though the defendant was wilful. If the parties were equally, in the same class, to blame in producing the injury, neither can recover."

It is our opinion that where the plaintiff charges the defendant with wilful and wanton misconduct as being the proximate cause of injury to him, and the defense charges that the plaintiff was also guilty of wilful and wanton misconduct which was the proximate cause of the injury, then the same is a good defense, and bars the action if proven.

The judgment of the circuit court of Winnebago county is hereby reversed and the cause remanded.

*Judgment reversed and remanded.*