Jo V. Walker and Jane Walker, Appellees, v. Illinois Commercial Telephone Company, Appellant, and David Norriss, Defendant.

554

Heard in this court at the May term, 1942.     Opinion filed June 27, 1942. Rehearing denied September 9, 1942.

E. E. Denison, of Marion, for appellant.

R. T. Cook and Charles C. Murrah, both of Herrin, for appellees.

Mr. Presiding Justice Stone delivered the opinion of the court.

At about 1:30 o'clock in the afternoon of May 20, 1940, there was a collision between an automobile driven by Jo V. Walker, in which his wife, Jane Walker, was a passenger, both plaintiffs appellees herein, and who will be hereinafter referred to as plaintiffs, and an automobile driven by David Norriss, a defendant, who did not prosecute an appeal to this court. The collision occurred on North Court street, in Marion, Illinois, which street runs in a northerly and southerly direction and is 24 feet 6 inches wide. State Route No. 37 runs through Marion on said street, and there are "stop" signs on said street where it intersects West White street, which runs in an easterly and westerly direction. Just a few minutes prior to the accident, six men in the employ of the Illinois Commercial Telephone Company, who is defendant appellant in this court, and who will hereinafter be referred to as defendant company, drove into North Court street, with a Chevrolet truck, property of defendant company, to which was attached a trailer, on which a telephone pole was loaded. The truck was approximately 17 feet long, the tongue of the trailer was approximately 10 feet long, the bolster of the trailer, not including the tongue, was approximately 7 feet long, which would make the front end of the truck 34 feet from the back end of the trailer. The cab of the truck was about 5 feet high. The pole 30 feet long extended 13 feet over the back end of the trailer. A pole, which was set about a foot from the curbing on the east side of North Court street, had deteriorated, and this crew of six men intended to replace the old pole with the new one. The truck and trailer was parked near the east curb of North Court street, facing north, near an Illinois highway sign marked "37," with a "No Parking" sign under it. The truck seems to have been parked far enough north of these signs, so the pole would not hit them, when rolled off of the trailer. Various witnesses who

testified, estimated the end of the trailer to have been from 5 or 6 feet to 12 feet from the intersection.

One of defendants in the lower court, David Norriss, driving his automobile west on West White street stopped at the "Stop" sign, at North Court street, could not see cars approaching on that street, because of a commercial sign in the yard, near the "Stop" sign, so drove his car until the front wheels of said car were at the curb of North Court street. Called as a witness for plaintiffs, he claimed that he could not see plaintiffs' car being driven south on North Court street, because of the truck of defendant company parked near the curb, and that his car was not being driven faster than one or two miles an hour, when it collided with plaintiffs' car. As a result of said collision, the car of plaintiff, Jo V. Walker, was damaged, and plaintiff, Jane Walker, was injured.

Suit was brought in the circuit court of Williamson county, against both David Norriss, and the Illinois Commercial Telephone Company, trial was had before the court without a jury. The court found defendants guilty, and judgment was entered in favor of Jo V. Walker, in the sum of $251.67, and in favor of Jane Walker in the sum of $1,500, from which judgment defendant, Illinois Commercial Telephone Company, prosecutes its appeal. Defendant, David Norriss, was defaulted, appeared on the trial as a witness for plaintiffs, and took no appeal.

The complaint consisted of six counts. By counts 1, 2 and 5, it was charged that plaintiff, Jo V. Walker, suffered damages to his automobile, because of the joint acts of negligence of defendants. Counts 3, 4 and 6 were counts in which it was alleged that plaintiff, Jane Walker suffered injuries to her person by reason of the joint acts of negligence of defendants. The several acts of negligence charged against defendant, Illinois Commercial Telephone Company, in the several counts were as follows:

1. Violation of sec. 187, subpar. 6, ch. 95½, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 85.219], by parking its truck within 20 feet of a crosswalk at an intersection and thereby obstructing the view;

2. Violation of sec. 187, subpar. 14, by parking its truck at a place where official signs prohibited stopping;

3. Common law negligence.

It is the theory of plaintiff, that the violation of the statute by defendant, Illinois Commercial Telephone Company, and its negligence in obstructing, by its truck and trailer, the view of traffic coming from the north, and that the obstructed view, coupled with the negligence of defendant, Norriss, in driving his car into North Court street, when his view was obstructed, was the proximate and direct cause of the accident.

Principal errors relied upon for reversal by defendant are, the refusal of the court to admit proper evidence offered by defendant, which were in the nature of experiments under conditions alleged to be substantially the same as existed at the time of the accident, bearing on the question of visibility; denial of the motion of defendant, to find it not guilty, at the close of plaintiffs' testimony and again at the close of all the evidence; and therein particularly because there was a failure on part of plaintiffs to affirmatively show that plaintiffs were in the exercise of ordinary care for their own safety, at the time of the collision; error in refusing to grant a new trial; error in refusing to grant a motion in arrest of judgment, and the allowance of excessive damages in favor of plaintiff, Jane Walker.

The error assigned that the court erred in denying the motion of defendant company to find it not guilty as to each count of the complaint at the close of plaintiff's evidence, presents the question whether there is in the record sufficient evidence of due care on the

part of plaintiffs to support the verdict and judgment. The complaint contained no charge of wilful or wanton conduct on the part of defendant company. Plaintiffs therefore had the burden of affirmatively showing that they were in the exercise of due care and caution; plaintiff Jo V. Walker, for his automobile and plaintiff, Jane Walker, for her own safety at the time of the accident. *Crawford v. Cahalan*, 259 Ill. App. 14; *Hogrefe v. Johnson*, 271 Ill. App. 469; *Hand v. Greathouse*, 294 Ill. App. 383; *Moore v. Illinois Power & Light Corp.*, 286 Ill. App. 445; *Pollard v. Broadway Cent. Hotel Corp.*, 269 Ill. App. 77; *Morgan v. Rockford, B. & J. Ry. Co.*, 251 Ill. App. 127; *Urban v. Pere Marquette R. Co.*, 266 Ill. App. 152; *Dee v. City of Peru*, 343 Ill. 36.

Insofar as the obligation of plaintiff, Jo V. Walker was concerned, to use due care, the dictates of common prudence require that a motor vehicle driver, approaching a street intersection shall be observant to determine the presence of other vehicles at or near the intersection. All reasonable minds will agree that a driver thus approaching such an intersection, especially where it is known to him to be a busy corner, who fails to look as he approaches to ascertain whether there are other cars in proximity is guilty of a want of ordinary care. *Kirchoff v. Van Scoy*, 301 Ill. App. 366; *Wodecki v. Harold M. Pitman Co.*, 286 Ill. App. 610 (Abst.). Particularly, it is his duty in approaching an intersecting street where the view is obstructed to keep a vigilant outlook in order to be in the exercise of due care. Blashfield Cyc. of Automobile Law, Vol. 2, p. 241, sec. 1041; *Poulan v. Deas*, 18 La. App. 256; 138 So. 230; *Moore v. Fitzpatrick* (Mo. App.) 31 S. W. (2d) 590; *Dauber v. Josephson*, 209 Mo. App. 531, 237 S. W. 149.

With reference to the duty of plaintiff, Jane Walker to use due care for her safety, it has been repeatedly held that it is the duty of a passenger in a vehicle

where she has an opportunity to learn of danger and to avoid it, to warn the driver of such approaching danger and she has no right because some one else is driving, to omit reasonable and prudent efforts on her own part to avoid danger. *Habenstreit v. City of Belleville*, 302 Ill. App. 383; *Willgeroth v. Maddox*, 281 Ill. App. 480; *Scruggs v. Baltimore & O. R. Co.*, 287 Ill. App. 310; *McDermott v. McKeown Transp. Co.*, 263 Ill. App. 325; *Jones v. Traver*, 275 Ill. App. 181; *Price v. Chicago & E. I. Ry. Co.*, 270 Ill. App. 111; *Mabel v. Cleveland, C., C. & St. L. R. Co.*, 264 Ill. App. 532.

When there is any evidence before the court which, taken with its reasonable inferences in its aspect most favorable to the plaintiff, tends to show the use of due care, the question of due care is one of fact. Whether there is any such evidence is a question of law. *Pienta v. Chicago City Ry. Co.*, 284 Ill. 246.

Applying this rule to the record before us, it appears, according to the testimony of plaintiff Jo V. Walker that he was driving about 20 miles an hour at the time of the collision, that he saw the telephone truck parked there, but did not see defendant Norriss' car until "it looked to me like it was right up in my face." Witness was asked this question on direct examination by counsel, "I will ask you to state whether or not you looked in both directions for traffic on West White Street," to which question plaintiff answered, "I was just using ordinary care in driving. I saw the telephone truck parked there and naturally I did slow down some because of that and the congestion there." While the question was leading and suggestive, no objection was made by opposing counsel. The answer, of course, was not responsive to the question, and a mere conclusion. It is true, as argued by counsel for plaintiff, there was no objection to the answer, but the answer still does not shed any light on the vital question of due care on the

part of plaintiff, which must appear affirmatively, in order for him to recover. It is contended on his behalf, that because he testified that he saw the truck parked there, that it must necessarily follow that he looked to his left, to ascertain if there was any traffic coming into Court street, from West White street. There is nothing in this record indicating when he saw the truck, he might well have seen it ahead of him, as he was driving south on Court street, approaching the intersection, for there appears to be nothing that would obstruct his view of the truck, in front of him, as he drove south. Defendant, David Norriss, testified that he was driving his car into Court street, at from one to two miles an hour, which would mean that the Norriss car was barely moving, so had plaintiff looked, he would have had no difficulty in seeing the Norriss car, when it so slowly moved into Court street.

On the question of the contributory negligence of plaintiff Jo V. Walker, it is significant that defendant David Norriss, who testified for plaintiffs, said, ''I shouldn't have been going more than a mile or two an hour; I went 15 or 20 feet when I saw him coming around the truck.'' Plaintiff could hardly have been coming around the truck, if he had not have been fairly well over on the left side of the street, for all of the evidence is to the effect that the truck was stopped close to the curb, so that the new telephone pole might be conveniently unloaded. And if he was toward the left side of the highway, it would make it more difficult for him to see a car coming into the street from West White street, not alone on account of the truck of defendant company, but the commercial sign on the lawn. In that regard, on motion to find for defendant, at the close of all of the evidence, it should have been considered that Walter Fraley, one of the telephone crew, a witness for defendant, testified that he had gotten out of the truck, shut the door, and then

got back by the truck, to keep the car from hitting him. He stated that the Walker car was over the black line and traveling 50 miles an hour. James H. Lemons, another one of the crew, testified that when he first saw Walker's car it was traveling not less than 40 miles an hour and was approximately a foot over the black line.

With reference to the question of due care on the part of plaintiff, Jane Walker, the record is wholly silent as to anything that she did or said, what she was doing or if she looked in any direction, immediately prior to the accident, which would be indicative of any care whatsoever upon her part. Under the rule hereinbefore discussed, such evidence or rather lack of the same, cannot constitute evidence of due care, upon the part of either plaintiff.

It is contended by plaintiffs that the obstruction of the view of traffic coming from the north, coupled with the negligence of defendant Norriss in driving his car into Court street, when his view was obstructed, was the proximate and direct cause of the accident. The question of proximate cause is so interwoven with, and so closely connected with the question of contributory negligence, that we do not deem it necessary to discuss this question at any great length. It has been repeatedly held that although the initial act of negligence may be the occasion for an intervening cause which intervenes and produces the injury, the intervening cause will be held to be the proximate cause of the injury, unless the intervening cause is within the control of the party responsible for the initial act. *Phillabaum v. Lake Erie & W. R. Co.*, 315 Ill. 131; *Campion v. Chicago Landscape Co.*, 295 Ill. App. 225, Op. 231; *Seith v. Commonwealth Electric Co.*, 241 Ill. 252, Op. 260; *Shayne v. Coliseum Bldg. Corp.*, 270 Ill. App. 547.

The case of *McLaughlin v. Alton R.*, 278 Ill. App. 551 seems to us to be very much in point. There the

railroad company had allowed weeds to grow up high on its property at the intersection of two streets, and two motorists ran together at the intersection. The negligence charged in that case was that the railroad company negligently allowed high weeds to grow on its land at the intersection thereby obstructing the view of motorists using the highways at the intersection and that because their view was so obstructed, the collision resulted. It was there held that the court erred in not directing a verdict for defendant because the negligence of the defendant in obstructing the view of motorists, was not the proximate cause of the injury.

It is our conclusion that the act of defendant company in stopping its truck near the intersection, was not the proximate cause of the damage to the car of Jo V. Walker and of the injuries to Jane Walker, but that the truck being there, at that particular time, did nothing more than furnish a condition by which the injury to the plaintiff was made possible. The proximate cause of the injuries and damage complained of, was the contributory negligence of plaintiffs and the negligence of defendant Norriss.

We deem it unnecessary for the determination of the issues involved in this case to discuss the legal question as to whether the statute alleged to have been violated, with reference to parking the truck at a place where official signs prohibited stopping, or within 20 feet of the crosswalk, was enacted for the protection of persons so situated as plaintiffs.

There is no evidence in the record tending to prove due care on the part of either plaintiff or to rebut the undisputed proof of their contributory negligence. We therefore find as an ultimate fact to be incorporated in the judgment, that plaintiffs Jo V. Walker and Jane Walker were not in the exercise of due care and caution at the time and immediately before the accident, and were guilty of contributory negligence.

The trial court should have allowed the motion to find defendant not guilty at the close of plaintiffs' testimony. Other errors are assigned and argued in the briefs, but as our conclusions on this assignment of error dispose of the case here it is not necessary to consider other errors assigned. On account of the error indicated, the cause is reversed without remanding.

*Reversed.*