HARDY, Judge.
This is a suit for the recovery of damages to plaintiff’s automobile resulting from an *378 intersectional collision with an automobile owned and driven by defendant. In answer defendant reconvened for damages sustained by his automobile. After trial there was judgment in favor of plaintiff, and defendant’s reconventional demand was rejected, from which judgment defendant has appealed.
The accident occurred at the intersection of Darien Street and Missouri Avenue in the City of Shreveport about 7:30 P. M. on July IS, 1949. The evening was dark, rain was falling, and the lights were burning on both cars. Missouri Avenue is a right-of-way street. Defendant, who was driving his Mercury automobile east on Darien Street, properly brought the car to a stop at the intersection with Missouri Avenue before proceeding into the said street. Having made observation of approaching traffic and noting that the only vehicle in view on Missouri Avenue was plaintiff’s automobile, which was proceeding in a northerly direction, and, at the time, was about a block distant, defendant proceeded into the intersection and made a left -hand turn, changing his course by this maneuver from an easterly direction on Darien Street to a northerly direction on Missouri. At or about the time defendant had completed his turning movement his car was forcibly struck on the right rear by the front of plaintiff’s automobile. The latter vehicle, a Chevrolet automobile, was being driven by plaintiff’s eighteen year old son. Defendant was accompanied by his two grandsons, 16 and 12 years of age, and one E. M. Rentz, a neighbor, while plaintiff’s car was occupied, in addition to his son, the driver, by two young ladies and another young man.
There is surprisingly little conflict of testimony evidenced by the record, and the facts appear to us to be easily resolved. We think it is plain that defendant’s car had not quite completed the turn and straightened out on Missouri Avenue at the time of the collision. This is made evident by consideration of the location of the point of impact. Defendant’s car was struck, at or about the jmiction of the right rear fender and the luggage trunk or compartment, by the exact front center of plaintiff’s car. This could only have happened if defendant’s car at the time of the accident was still at a turning angle.
It is further definitely established by the testimony of the driver of plaintiff’s car and his companions that none of them observed defendant’s automobile until they were within a distance of some ten or twelve feet from the vehicle, and each of the young people seems to have become aware of the presence of defendant’s car at about the same time, too late to take any action.
Numerous charges of negligence are leveled by each of the litigants against the respective drivers of the cars involved, but we think it unnecessary to discuss these allegations in detail. In addition to pleading his own freedom from negligence and making affirmative allegations of negligence against the driver of plaintiff’s car, defendant properly alleged contributory negligence. Plaintiff pleaded and has invoked the doctrine of last clear chance.
There is no evidence in the record which would justify the conclusion that the driver of plaintiff’s car was proceeding at an excessive rate of speed at the time, but, as we have observed above, the vast preponderance of the testimony conclusively indicates that the said driver was not keeping a proper lookout and did not observe defendant’s car, which he could and should have seen,, during the entire period after its entrance into the intersection.
Similarly the record does not sustain the charges of negligence against defendant with respect to his entrance into the intersection in the path of an approaching car.. It is clear that defendant believed from his-observation of plaintiff’s car some block distant, more or less, that he had sufficient time to make the turn. His error in this-respect can only be classified as an error of judgment and therefore does not justify the conclusion of negligence in this respect. Nevertheless, defendant clearly was negligent, according to his own testimony, in failing to continue to observe the approaching automobile, which he could and should *379 have done, and which action would have permitted him to take necessary precautions •to avoid the collision.
We do not recall any case under •which such clearly established facts more •certainly lead to the inescapable conclusion that the accident resulted from the concurring negligence of the drivers of the automobiles involved. Inasmuch as the negli.gence of both parties is found in their respective failure to maintain a lookout, the facts do not justify the application of the last clear chance doctrine as against either.
For the reasons assigned the judgment •■appealed from is reversed and set aside and there is now judgment rejecting plaintiff’s ■demands and further judgment rejecting defendant’s reconventional demand. It is further ordered that all costs be taxed .equally against the parties.