AYRES, Judge.
The basis of this action is a collision between plaintiff’s Nash automobile and defendant’s Oldsmobile on Broadway at its intersection with Third Street in the City of Minden. Plaintiff seeks judgment for the damages done his automobile and for the loss of the use thereof and for personal injuries. Defendant reconvened for damages alleged to have been sustained to his automobile.
The matter is now before us for review on defendant’s appeal from the judgment in plaintiff’s favor.
Broadway is the principal business street of the City of Minden, traversing the City in a somewhat northeast and southwest course. It is a boulevard type thorough-' *104 fare, between the two lanes of which is a strip of land .varying in width from approximately ISO feet in the center of the City to approximately 25 feet in the eastern extremity of Broadway. This strip is crossed at regular intervals by streets running east and west. Both lanes are used for two-way traffic to their intersection with Lewisville Street to the west and Third Street to the east, each of these being an apparent extension of the other beyond and across Broadway. From this point northward, north-bound traffic in the westernmost lane crosses over at this intersection to the easternmost lane, and from there on each becomes a single one-way traffic lane.
The scene of this accident was in the easternmost lane of Broadway at the point where it is intersected by Third Street. In this vicinity are located four churches, the Episcopal Church about one-half block north on the west side of Broadway, the Presbyterian Church on the corner of Broadway and Lewisville Street, and the Methodist and Baptist Churches facing-each other across Broadway, approximately a block away.
The accident occurred Sunday morning, December 30, 1951, at approximately 10:55 o’clock A.M., during the few minutes interval between Sunday school and church hours observed at these churches. On this occasion, as generally prevailed on every Sunday morning, traffic was very heavy and congested in this area. Cars were parked at the curbs on both traffic lanes of Broadway and on the intersecting streets, bumper to bumper, leaving space, especially in the easternmost lane of Broadway, scarcely sufficient for the meeting or passing of automobiles. On the occasion of this accident, plaintiff was proceeding in a northerly direction in the east lane of Broadway and defendant approached Broadway traveling east on Lewisville Street, with the intention of crossing Broadway to continue to his residence on Third Street.
Plaintiff charges the defendant with negligence in failing to keep a proper lookout or to keep his vehicle under proper control or to. stop before entering the intersection, in failing to yield the right of way and in operating his vehicle while under the influence of intoxicating liquor.
Defendant denies any fault oy negligence on his part and charges that the plaintiff was operating his car at an unusually high and excessive rate of speed under the circumstances and conditions and without proper control, without exercising the care and caution dictated by the conditions there prevailing, and further had the plaintiff seen what should have been seen, that is, that defendant had entered the intersection, he should have permitted defendant to have completed said intersection, and, finally, that plaintiff had the last clear chance to avoid the collision in that plaintiff had the opportunity and clearance necessary to pass to the rear of defendant’s car in safety. Alternatively, plaintiff was charged in the same particulars with contributory negligence.
According to plaintiff’s testimony, while proceeding northward on Broadway,- after passing the Baptist Church on his right, approximately a block from the scene of the accident, with automobiles parked on both sides of said traffic lane, he met a car, and, in order to pass, steered his car to the right in an intersection of a side street, slowed down and/or stopped and then continued forward at 25 miles per hour or less, whereupon, on approaching the intersection, he suddenly looked up and there at that moment defendant’s automobile was in front of him. He applied his brakes, skidded approximately 28 feet, struck the Oldsmobile at the right rear door at' á point in the street slightly to the right of the center of that lane of Broadway, knocking the Oldsmobile some distance, spinning it around 90 degrees over the curb against and uprooting a signpost imbedded in concrete and against a telephone pole, which left its imprint on the left side of the car. Plaintiff, as well as the defendant, was familiar with this street, the intersection, the location of the churches there, and the congested traffic conditions on Sunday mornings. He admitted that it was impossible on account of the parked automobiles to see the *105 Dennis car before it entered the intersection.
The defendant’s version of the matter is that he stopped his car and looked before entering the westernmost lane of Broadway and, seeing no approaching traffic, proceeded across that lane and again stopped and looked and, observing no traffic approaching in the second lane, proceeded again out into the intersection approximately IS feet when he heard a noise resulting from the application of the brakes on plaintiff’s car, whereupon he looked to the right, saw the Nash and was ‘immediately hit on the right rear side of his car. Defendant admitted that after first stopping and looking before entering the traffic lane, he did not look again in that direction. That the impact occurred slightly to the right of the center line of plaintiff’s traffic lane is borne out by plaintiff’s contention that he was proceeding on that side and was established by testimony of John B. Benton and the police officers, Clarence Kirkley and Roland Hennigan, who testified that the skid marks of plaintiff’s car were slightly on the righthand side of the traffic lane. Inasmuch as defendant’s automobile was struck at the right rear door and in view of the facts and circumstances hereinbefore detailed, it necessarily follows that defendant, at his rate of speed, proceeding from “Stop”, was well into the intersection when plaintiff approached and was, in a manner, almost completing the intersection when hit.
As stated hereinabove, both plaintiff and defendant were well aware of the traffic conditions existing generally in this area on Sunday morning and particularly on the date and occasion of this accident. That this was a blind corner in the extreme, made such by the parking of numerous automobiles in that area, was well known to both.
We are in accord with the conclusion reached by our learned brother of the district court that defendant, under the facts and circumstances surrounding the occasion of this accident, was negligent.in not keeping a proper lookput. Defendant himself apparently admits as much; however, notwithstanding our reluctance to disagree with a trial court on its findings of facts, our study and appreciation of the evidence and record of this case convince us that plaintiff was also negligent and that such negligence, at least, contributed to' this accident, and that his rights to recover are therefore barred. We are especially convinced that plaintiff was not keeping a proper lookout and was driving at an excessive speed under the facts and circumstances existing at that time and in that area. Plaintiff himself admits that he saw defendant’s car in the intersection only momentarily before the collision, and the skidding of his car and the force of the impact with a heavy Oldsmobile automobile, knocking it sideways over the curb and into and uprooting a concrete imbedded street sign and finally into the telephone pole, indicate a speed in excess of his estimation of 25 miles per hour.
The degree of caution required is increased in proportion to the danger confronted. Plaintiff did not have his car under such control that it could be stopped promptly if a collision with another vehicle became imminent, such as was the case here. Where the view of an intersecting street by an approaching motorist is obscured or blinded, it is his duty to use special and extra precaution before entering such intersection. If, under such conditions, such as prevailed here, he proceeds at such a speed as prevents his stopping in order to avoid a collision with another automobile approaching on an intersecting street or at such a speed as would prevent his veering out of its path, he is negligent. Notwithstanding priority of right of way, a motorist on approaching a blind intersection or one where the view is obstructed, such as here, should proceed with his car under such control and at such speed as would permit him to timely stop. See Blashfield’s Cyclopedia “Intersections and Crossings”, Sec. 1041.
The facts in the case of Poulan v. Deas, 18 La.App. 256, 138 So. 230, are similar to *106 the facts in the present case. It was therein stated:
“Defendant’s car, having entered the intersection first and traversed half of said intersection before plaintiff reached the intersection, it was the duty of plaintiff to have had his car under control, and to have allowed defendant to pass on before entering. The number of parked cars on both sides of the street called for extra precaution, on the part of plaintiff and defendant, and we are convinced that when plaintiff attempted to cross the said intersection at a rate of speed of thirty miles, or even twenty miles, per hour, as testified to by him, he was guilty of negligence, under the conditions that prevailed at that place at that time.”
The charge that defendant was under the influence of intoxicating liquor to the extent that such intoxicants to any appreciable extent influenced or affected his actions or the driving of his car was not established by the evidence.
Defendant's effort to recover under the last clear chance doctrine is not well founded. Both plaintiff and defendant were guilty of concurring negligence in causing this accident. Neither was keeping a proper lookout nor making proper observations under the facts and circumstances, and the accident could have been avoided by the exercise of due diligence by either party as was stated in Nugent v. Milburn, La.App., 47 So.2d 377, 379:
“Inasmuch as the negligence of both parties is found in their respective failure to maintain a lookout, the facts do not justify the application of the last clear chance doctrine as against either.”
See also Coleman v. Smith, La.App., 63 So.2d 171.
For the reasons herein assigned, it is ordered, adjudged and decreed that the judgment appealed from be and it is hereby amended by rejecting plaintiff’s demands at his costs, and, as amended, is affirmed.
Judgment amended and affirmed.