GLADNEY, Judge.
T. E.- Dennis and his wife, Mrs. Mary Helen Dennis, instituted this suit against J. D. Nelson and his insurer, the Iowa Mutual Insurance Company, for damages arising out of an automobile collision which occurred about 5:15 P.M. on April 15, 1953, at the intersection of Missouri Avenue and West College Street in Shreveport, Louisiana. At the time of the accident J. D. Nelson was driving his 1951 Mercury automobile in a southerly direction along Missouri Avenue and Harry Lee Hall was driving a Chevrolet .in a westerly direction along West College Street. Seated with Nelson in his car were Mrs. Nelson and Mrs. Mary Helen Dennis. 'Hall was alone. The two automobiles collided at approximately the center of the intersection.
Following 'trial of the case judgment was rendered in favor of defendants. The judge a quo has assigned written reasons for his decree, holding Nelson was free from negligence. We find the decree fully supported by the record as reflected in the testimony of the witnesses.
Forasmuch as this suit is by a guest occupant of the Nelson car against Nelson and his insurer, the principal issue is whether J. D. Nelson was guilty of any negligence which contributed to the accident. A plea of contributory negligence directed at Nelson charges he was at fault upon entering the intersection without reducing his speed and in failing tq maintain a proper lookout for approaching vehicles. During trial of the case Hall, a war veteran who lost one .of his legs and was driving a specially constructed automobile, testified his brakes failed to work as he approached the. intersection on a red light and he did not stop.- Other witnesses, however, quoted Hall as saying immediately after the accident that he did not see the red light. Defense counsel do not contend .Hall was free of negligence but insist Nelson was also guilty of the negligence.
Missouri Avenue is designated by the Shrevepo'rt ’ traffic ordinance a right of way street with a permissible speed of 35 miles per hour and traffic entering Missouri Avenue from West College Street is required to come to a full stop before crossing it. West College Street is not designated by the ordinance a right of way street and the speed limit thereon is fixed at 25 miles per hour. Missouri Avenue generally runs in a north and south direction and has a width of 45 feet, while West College Street which is an east-west street, is 38 feet wide. Directly over the center of the intersection a blinker type traffic light has been installed which flashes a yellow light to traffic on Missouri Avenue and a fed light to traffic on West College Street.
Nelson testified that as.he approached West College Street- driving in a southerly direction, he was traveling at a speed of about 30 miles per hour and slowed down to' 20 or' 25 miles upon reaching the intersection. He stated that as he entered the intersection he -could not see the car driven by Hall, although he looked. Nelson estimated that Hall was driving- at a speed of 45 miles per hour at the time of the collision. Marvin V. Keller, a disinterested witness, was traveling behind Nelson on Missouri Avenue. Keller said Nelson was driving about 30 miles per hour or a little faster, slacked his speed before- entering West College Street, and entered the intersection before he, Keller, could - see the Chevrolet approaching on West College Street. It was his opinion that Hall was traveling at a "speed of 40 miles per hour, or better, and did not reduce that speed when-he entered Missouri Avenue. The testimony of Keller and other witnesses is to the effect the Mercury was struck on the side and behind the door. ¡Mrs. 'Nelson corroborated her husband and Keller that Nelson slowed down before entering the intersection and at that time she did not see the Chevrolet. Plaintiff, who was seated on the right side .of the front seat of the *397 Nelson car, testified she could not remember anything concerning the accident. Scarlett Fleming, thirteen years of age, who happened to he on the sidewalk about'20 feet south of the southwest corner of the intersection when the cars collided, said she observed both Nelson and Hall were traveling at about 30 to 35 miles per hour, that Hall did not stop upon reaching the crossing, and Nelson’s car was hit on the left rear and knocked into the air. Another witness was the Reverend A. W. Townsend, who was about 75 feet west of and driving toward the intersection at the time of the collision. This witness could not remember in which direction the Hall and Nelson cars were proceeding and because of this uncertainty the district judge properly rejected the testimony, which when fully considered, only reveals an expression of the. witness that had Nelson stopped or slowed down sufficiently he might have avoided the accident. Two police officers located the point of impact as approximately in the center of the intersection. They also related Hall told them he did not see the red traffic light and was traveling at a speed of 30 to 35 miles per hour when he entered the intersection. The record leaves no doubt but that the Mercury was struck with considerable force and propelled into a utility pole located near the southwest corner. . As a result of this terrific impact all the occupants of the Nelson car were thrown completely out of the car.
The evidence clearly justifies the conclusion Nelson was driving southward along favored Missouri Avenue within the speed limit fixed by the traffic ordinance of the ■City of Shreveport for vehicles traveling along such street. We also find that Nelson entered the intersection slightly ahead of Hall but because of a house on the northeast corner his view was ■ obstructed until he was within 20 feet of the intersection. The district judge accepted, and we do also, Nelson’s testimony that as he neared the intersection he looked but did not see the Hall car approaching, because the Hall car was not then in sight.
Manifestly, Hall was guilty of negligence in not observing the red light, in entering the' intersection at a speed in excess of the rate permitted on West College Street, and by not coming to a stop upon- réachín'g Missouri Avenue as required by the city traffic ordinance. The above proven facts, in our opinion, require us to hold Nelson was not guilty of contributory negligence. The judge a quo determined the accident was caused solely by the negligence of Hall, and in this conclusion we concur.
Counsel for appellants cite authorities which apply the rule that a motorist has no right to assume his course of travel is free from danger, and upon approaching an intersection where his vision of , oncoming traffic is obstructed he is under a duty to bring his vehicle to a complete stop or decrease its speed so he can stop instantly in an emergency, and failure to do so is negligence. It is argued by counsel that Nelson did not have the right to proceed through the intersection in the manner shown by the evidence and in so doing he failed to exercise that degree of caution as would a reasonably prudent man under similar circumstances. To this effect we are referred to: Poulan v. Deas, 1931, 18 La. App. 256, 138 So. 230; Hobbs v. Employers Liability Assurance Corporation, La. App., 1939, 188 So. 191; Chaney v. Hutches, La.App., 1939, 192 So. 556; Culpepper v. Leonard Truck Lines, Inc., 1945, 208 La. 1084, 24 So.2d 148.
In Poulan v. Deas the- plaintiff was driving through a line of parked cars in front of a church, which cars obstructed the view of-one driving a car on either street upon entering the intersection, and was held negligent although on a right of way street because he was exceeding the speed prescribed by the Monroe traffic ordinance. The court in Hobbs v. Employers Liability Assurance Corporation [188 So. 195] ré-, solved plaintiff was driving at an excessive rate -of speed in violation of the state highway regulatory act which required the operator to observe “ ‘a careful, prudent, reasonable and proper speed, having due regard to the traffic, surface and width of the highway, the location and neighborhood, and any other conditions or circumstances then existing * * ” Act No. *398 21 of 1932, § 3, rule 4(a), see LSA-R.S. 32:221 et seq. The streets in Mandeville, Louisiana, where the accident occurred were but 14 and 21 feet wide, were graveled and the corner between the streets approaching the intersection was obstructed by the presence of large trees and undergrowth. Under the circumstances it was held twenty miles per hour violated the state statute. Chaney v. Hutches, presented a case where plaintiff was a guest in defendant Hutches’ car and she sought to hold both drivers responsible. Hutches was held liable for attempting to cross the intersecting right of way street at an unreasonable speed. Another defendant, Gilman, was found negligent for failure to maintain a proper lookout. The court said under the existing conditions Gilman should have continued to look for' cars on the approaching street and lowered his speed which he did not. The above cases involve a motorist who while driving too fast for prompt control in case of emergency, took no steps to bring his"car under better control and did not hold himself alert. These authorities apply the rule that a motorist on a favored street does owe an obligation to traffic approaching the intersection and is not relieved of all responsibility simply because he is observing traffic law:s on the right of way thoroughfare. We do not agree, however, that the cited cases govern our holding in the case at bar. Rather, we think our decisions in New Hampshire Fire Insurance Company v. Bush, La.App., 1953, 68 So.2d 254, and Mason v. Price, La.App., 1947, 32 So.2d 853, are more nearly applicable to the facts presented in the instant appeal.
This court in New Hampshire Fire Insurance Company v. Bush, supra [68 So.2d 257], quoted from Mason v. Price, La.App., 1947, 32 So .2d 853:
“ ‘It may be conceded, without affecting the outcome of the case, that by the exercise of a superlative degree of care by plaintiff the accident would and could have been averted. But, under the circumstances, was he required to do this? We do not think so. If, in such circumstances, a motorist should be required to bring his vehicle to a stop or reduce its speed to a snail-like pace at every intersection and await the action of motorists on less favored streets, the advantages the law intends to accord would, in a large measure, be lost. The right-of-way would not be such in reality. In cities where traffic is heavy and continuous on less favored streets, a motorist on a right-of-way street, if so required, would find himself greatly annoyed because of the constant shifting of gears and change in the rate of speed of his own vehicle, although driving within the law. The purpose of the law, in such circumstances, would not be accomplished; traffic movements would be hindered rather than promoted thereby.
“ ‘In this state, contrary to many other states, the rule of comparative negligence is not recognized; in fact, it is positively banned by the decisions of the Supreme Court. But, in a measure, by indirection, we have such a rule. It is found in the doctrine of proximate cause. The negligence of two persons may produce an accident yet the court will investigate to determine the proximate cause thereof in order to fix liability as between the parties. This is well illustrated in the present case. Granting that plaintiff was not as careful as it was possible for him to have been before attempting to cross the intersection, his fault in this respect, it is clear, was not a or the proximate cause of the collision that followed. The sole proximate cause of the accident was the driver’s action in violating laws of the City enacted to protect from injury persons who elect to or from necessity, drive upon certain of its streets. But for this non-observance of the law, the. accident would not have happened.’ ”
The excessive speed of Hall and his failure to stop upon reaching Missouri Avenue, so it appears to us, was the sole and proximate cause of the accident. From this ruling it follows that the judgment from which appealed must be and it is hereby affirmed at appellants’ costs.